No. 2493.—STATE OF LOUISIANA ex rel. E. MARIN et al. *v.* PARISH JUDGE OF PLAQUEMINES.

Where the heirs in possession allege, in opposition to the appointment of a dative testamentary executor and administrator, that there is no estate to be administered, a suspensive appeal will lie from the judgment of the probate court dismissing the opposition; and a writ of prohibition will issue, staying all further proceedings in the cause pending the appeal. Articles 580 and 1059 of the Code of Practice, and article 1113 of the Civil Code, authorizing the provisional execution of a judgment appointing executors, etc., pending the appeal, where there is a contest between two or more persons for the right of preference to the appointment, do not apply in a case where the question is succession or no succession.

APPLICATION for Writ of Prohibition.—Parish of Plaquemines. *Sambola & Ducros*, for relator. *William M. Prescott*, Parish Judge, in propria persona.

HOWELL, J. The relators ask for a writ of prohibition to restrain the Parish Judge of Plaquemines and P. Maspero from proceeding in the execution of a judgment dismissing their opposition and appointing said Maspero dative testamentary executor of A. Durnford, deceased,

and administrator of the succession of Mrs. Durnford, deceased, on the grounds :

*First*—That a suspensive appeal had been granted to them from said judgment.

*Second*—That a suspensive appeal properly lies when the question at issue is, whether or not the appointment of an executor or administrator is legally possible.

*Third*—That the Parish Judge aforesaid was incompetent *ratione materiæ* to appoint an administrator or executor under the facts of the case, and hence exceeded his jurisdiction.

The material facts are, that Andrew Durnford died on the thirteenth of July, 1859, leaving a will, but without appointing an executor. On the eighteenth of February, 1866, his widow was appointed and qualified as dative testamentary executrix. On the tenth of June following she died, and on the twenty-third of the next month William Erskine was appointed to represent the two estates, who died on the thirty-first of December following. On the twenty-fourth of the next month (January, 1867), the heirs of Mr. and Mrs. Durnford were put in possession of all the property of said estates by judgment of the District Court for the parish of Plaquemines. One of the heirs afterwards sold his interest in a plantation (which constitutes the bulk of the property) to Edgar Marin, who, and the other two heirs, are the relators, and are in possession. In July, 1869, P. Maspero and another instituted proceedings before the Parish Judge, to cause the executors of Erskine to sell the property of the Durnford estates, to pay their claims in accordance with an account which had been filed by said executors. This the relators opposed, and from the judgment overruling their opposition they took a devolutive appeal. In October following, Maspero applied to be appointed dative testamentary executor of A. Durnford, and administrator of the succession of Mrs. Durnford, which the relators opposed on the grounds that there is no succession property, as such, to be administered ; that they are in possession as owners, and are the only parties to be pursued for any debts, in the courts of ordinary jurisdiction ; and one of them alleged a superior right to the appointment. From the judgment dismissing their opposition and appointing Maspero, a suspensive appeal was granted ; but the judge has since ordered that the judgment be executed under the provisions of articles 580 and 1059 C. P. and 1113 C. C. Hence this application.

These articles of the Codes are applied when successions are opened to be administered, and the controversy is between two or more persons for the right of preference to the appointment of administrator, but not, as in this case, where the principal question is, succession or no succession ; or whether an administration is necessary, or legally possible. The demand made by one of the relators as heir, to be

State ex rel. E. Marin v. Parish Judge of Plaquemines.

appointed in preference to the creditor applying, was only incidental, and dependent on the necessity for an administration. From the judgment on the issues in this controversy a suspensive appeal was properly granted, and any subsequent action of the judge *a quo* in executing the judgment appealed from is beyond his jurisdiction. See State ex rel. Stackhouse *v.* Judge Fifth District Court; State ex rel. Johnson *v.* same; State ex rel. Heirs of Pearson *v.* Parish Judge of Jefferson.

It is therefore ordered that the writ of prohibition issued herein be made perpetual.