No. 2498.—STATE, ex rel. Widow and Heirs of J. H. PEARSON, *v.* THE PARISH JUDGE OF THE PARISH OF JEFFERSON.

Where the heirs have been legally put in possession of the estate, by a judgment of the court, the property can not afterwards be placed under the control of an executor or administrator to be administered as succession property.

In a case where the property of a succession has been legally transferred to and placed in the possession of the heirs, a writ of prohibition will lie from the appellate court against the probate judge, pending the appeal from an order appointing a dative testamentary executor.

APPLICATION for Writ of Prohibition.—Parish of Jefferson.
*Hornor & Benedict,* for relators. *Bruening,* Parish Judge.

TALIAFERRO, J. An application was made to this court, by the relators, on the fourteenth December, 1869, praying for a writ of prohibition to restrain the parish judge. of the parish of Jefferson from

proceeding further in the matter of a petition filed in the probate court of that parish by one Zuinglius W. McKay, asking to be appointed dative testamentary executor of John H. Pearson, deceased. The relators set up as ground for this application that the property of the succession had, before this application of McKay was presented, passed into the possession of the heirs by formal decree of the court of probates of the parish of Jefferson; that the parish judge is without jurisdiction, there being no proceeding now of a probate character that can be taken by creditors or others in relation to debts or claims that may have existed against the succession of Pearson. An order *nisi* was rendered, and the Parish Judge filed his answer in conformity therewith, setting up various reasons for the action taken by him in the premises, and prays that the writ be dismissed. Two questions only are presented in this case:

*First*—Where heirs have been legally put in possession of the property of an estate, can the property afterwards be placed under the control of an executor to be administered as succession property ?

*Second*—Has this court authority to issue a writ of prohibition in this case ?

The facts necessary to advert to in order to a solution of these questions seem to be these. Pearson, a resident of Boston, died in that city in April, 1862. He left a will, which was duly probated in Suffolk county, Massachusetts. In January, 1868, it was presented to the probate court of the parish of Jefferson, in this State, and an order was rendered for its registration and execution. In February following an order by the same court was rendered, putting the heirs into possession of the property of the decedent, situated in that parish. The heirs gave public notice to creditors to present their claims against the succession for settlement. This notice was given by three several successive publications, within thirty days, in the official journal of the parish of Jefferson, the first insertion having been made November 25, 1868. McKay filed his petition November 19, 1869, praying to be appointed dative testamentary executor of the succession of Pearson, and that an inventory be made, etc. It appears that in 1853, Pearson bought at sheriff's sale a number of lots of ground in the parish of Jefferson, on which there were mortgages in favor of third parties, and that he retained in his hands a large portion of the price bid to pay the mortgages. To the creditors thus entitled to a part of the proceeds of sale, if any such creditors remained, at the time the heirs were put in possession, was the succession bound, and not to McKay, who it is not pretended is a creditor. The articles 1000, 1001, 1002 and 1003 of the Code of Practice prescribe the course to be pursued when heirs present themselves who are entitled to successions. Article 1003 provides that, " If, from the examination of the testimony produced in support of the prayer [that the curator be cited, and

required to account for his administration], the judge discovers that the petitioners are entitled to the succession; he shall put them into possession of it, and shall direct the curator or executor to render an account within a reasonable time, to be fixed by him."

Now, it is shown that the heirs of Pearson presented themselves, satisfactorily proved their right to the succession, and received the formal order of the court to be put into possession. They further advertised, after being put in possession, for creditors to present their claims.

The fifth section of the second chapter of title third of the Code of Practice details specially the mode of settling successions. The first article under that section (numbered 983) declares that, "all debts in money which are due from successions, administered by curators appointed by courts and by testamentary executors, shall be liquidated and their payment enforced by the court of probates of the place where the succession was opened."

Articles 995 and 996, the last of that section, are in these words: Article 995: "What is said in this section in relation to the liquidation of estates only applies where such estates are administered by curators or other persons appointed by a court or by testamentary executors." And Article 996: "The case is different when such estates are in possession of heirs, either present or represented in the State, although all or some of these heirs be minors; for, in such cases, the actions for debts due from such successions shall be brought before the ordinary tribunals, either against the heirs themselves, if they be of age, or against their curators, if they be under age, or interdicted." Applying the law to the facts of this case, it seems clear that the proceeding taken by McKay and sustained by the Parish Judge, is one not warranted by law.

The probate court of Jefferson had lost all jurisdiction over the succession, which was no longer *in esse*, after the order of the court putting the heirs in possession. The debts, if there were any, followed the property in the hands of the heirs, and they could be proceeded against only in the ordinary tribunals. Being utterly without jurisdiction in the case, all the reasons assigned by the judge and the arguments presented by his counsel for the appointment of McKay dative testamentary executor, fall to the ground at once. There was no necessity for an executor or an administrator, and there could be none appointed. The property consists entirely of real estate, and the rights of the creditors, if any, were in no manner placed in jeopardy by putting the heirs in possession. The judgment putting them in possession might have been appealed from if the creditors had good grounds for supposing their rights would thereby be endangered. No creditor is complaining. McKay, it is not shown, or even pretended, is a creditor. His pretensions are backed up by references to

authorities to show that an individual not a creditor, and without interest, may sometimes be appointed an executor or administrator— authorities wholly out of place and having no applicability to the present case. If it can not be said of him *certat de lucro captando*, it may at least be remarked that he evinces a rather unusual interest in desiring the executorship of Pearson's estate, an interest which it is not easy to perceive.

The second inquiry is, whether in this case this court can issue a writ of prohibition? It is contended that the only appeal which the relators are entitled to, is a devolutive one. That, by Article 580 of the Code of Practice, the judgment of the Parish Court, appointing McKay dative testamentary executor, must be provisionally executed, notwithstanding an appeal be taken. The provisions of that article are founded upon the assumption that injury would result from the want of a tutor to minors, of a curator to absent or interdicted persons, or of a succession, or of a syndic of creditors, if a judgment appointing these representatives were not executed provisionally, and hence they form exceptions to the general rule in regard to suspensive appeals. But these exceptions do not apply where no injury would result if no appointment were made in any of the cases enumerated. We see no possible injury that could result to any party if the order appointing a dative testamentary executor, in the case before us, were not provisionally executed. We have been shown that the legal and rightful heirs are in possession of the property by a formal judgment of the proper court; that these heirs filed a peremptory exception to the jurisdiction of the court; that this exception was disregarded and a suspensive appeal denied. The appeal in this case involves not only the appointment of a dative testamentary executor, but the right of the court to appoint an executor at all. We think that a suspensive appeal should have been granted, and that it is necessary in order to the efficacy of the appellate jurisdiction of this court.

It is therefore ordered that the writ of prohibition in this case be made peremptory; and that the judge of the Parish Court of the parish of Jefferson be ordered to grant the relators in this case a suspensive appeal, returnable according to law.

Justice Howell and Justice Wyly absent.