On Motion to Dismiss the Appeal.
BREAUX, J.
Application was made before the district court by Fred W. Gras to be appointed administrator of the succession of his mother, who was by second marriage Mrs. Frank Bustillo. Opposition to the appointment was interposed by Mrs. Caroline Wintz, daughter of the' second marriage, on a number of grounds.
The judge of the district court sustained the opposition of Mrs. Caroline Wintz, and dismissed the petitions to be appointed administrator. From this judgment Fred W. Gras, applicant for the appointment, appealed.
In this court the appellee Mrs. Josephine Chevallon, offspring of the second marriage of Mrs. Bustillo, moves the court, and in support of her motion alleges that the transcript of appeal is incomplete, as it does not contain a copy of all the pleadings and evidence offered and filed on the trial; that appellee offered the record in succession of John Gras, late father of Fred W. Gras, applicant for the administration; that the important papers were omitted on the instruction of appellant’s attorney to the clerk of the district court.
Appellee seeks to have the appeal dismissed on the further ground that the appeal is suspensive, while appellant is only entitled to a devolutive appeal.
Appellant filed an answer to the motion to dismiss the appeal, in which he avers that the opponent offered in evidence the record in the succession of John Gras, No. 16,109, in general terms; that in making up the transcript it was the opinion of the appellant’s counsel that it was not necessary to copy the entire record of that succession, but only such part as had bearing upon the issues.
Appellant further avers that, although he believes the transcript contained all that was needful to enable the court to decide the controversy, he caused another transcript to be made containing a copy of all the succession record of the late John Gras. We will again refer to this supplemental transcript later. It is manifest that appellant is at fault for any deficiency there may be to the transcript, as the clerk acted in accordance with his direction.
Appellant, with reference to whether the appeal should only be devolutive as contended by plaintiff in motion to dismiss, urges that the question is exclusively within the jurisdiction of the court a qua.
The transcript was filed on June 5, 1902. Appellee moved to dismiss on the 9th of that month.
On the 3d of November following, in answer to the motion, appellant filed an additional transcript referred to above, containing all the record of the succession of John Gras, which appellee contends should have been inserted in the first transcript.
This is a sufficient statement of fact to enable the court to decide whether or not the appeal should be dismissed.
Beyond question (whatever may have been the incompleteness of the record before the second transcript was filed) a complete record is now before the court, and no delay has been caused by the effort of the appellant to complete the transcript.
On the face of the papers, we incline to the opinion that the issues were sufficiently brought up by the first transcript filed (that is, the original transcript appellant sought to amend) to enable us to determine whether or not applicant’s petition for the administration of the succession of Mrs. Frank Bustillo should be granted.
The doóuments and proceedings not copied in the transcript are part of the record of the succession of John Gras, first husband of Mrs. Bustillo, as before stated. The succession was opened in the year 1847, and seems to have been closed in the year 1852.
It does not, just at this time, appear that any of these documents and proceedings in matter of the succession of John Gras, not *43 originally copied in the transcript, have any bearing- upon the issues. We do not, however, finally .pass upon that point. It belongs more particularly to the merits. This has been the repeated ruling of this court. The rule was carefully considered in Church v. Riedy, 104 La. 314, 29 South. 149, and a number of decisions cited therein, and in this case just referred to we hold: “If upon the examination of the record it be found insufficient the appeal will be dismissed.”
A different issue would arise, which would not fall within the grasp of the cited decisions, if no attempt had been made by appellant to complete the record in time, or if attempt had been made by appellee to point out wherein the omitted evidence can possibly have any bearing upon the issues of the case here. The ground for dismissal is therefore referred to the merits of the case.
The appellee moved to dismiss the appeal on the further ground that appellant had no right to the suspensive appeal granted, and she prays that the appeal be ordered to stand as a devolutive appeal, and not a suspensive appeal. -
This is not an application to dismiss the appeal on the ground last stated, but to have it declared devolutive.
We think this court has jurisdiction to decide that question, and that there is no necessity to remand the case, in order to enable the court a qua to determine whether it is devolutive or suspensive.
This court has decided, repeatedly, that an appeal is to be considered as devolutive, and not as suspensive, when evidently it was devolutive.
It has been considered in some cases by the district court that an appeal, though on its face suspensive, did not have the effect of a suspensive appeal, and execution was ordered to issue as in a devolutive appeal. This ruling of the district court has received the approval of the appellate court. These are exceptional instances. For example, in Mathison, Executor, v. Field, 3 Rob. 43, the court said that the plaintiff was entitled to some relief from the patent error which had been committed by the judge a quo in granting- an order of suspensive appeal, and that in consequence it was right and proper on the part of this judge to rescind the order in so far as it operated as a suspensive appeal. But the case had not been actually removed to the Supreme Court on appeal.
Here the situation is entirely different. The case is 'before us, and the issues have all been transferred from the civil district court to this court.
The case falls within the rule laid down in the Succession of Armat, 20 La. Ann. 341, in which a motion was made in the Supreme Court to dismiss the appeal. The court regarded the appeal as devolutive, and not as suspensive, and overruled the motion to dismiss. A number of decisions were cited by the court in support of its ruling.
Again, in Edgerly, Executor, v. Smith, 27 La. Ann. 97, a suspensive appeal was allowed, but was not timely perfected. The court said that the only penalty incurred by appellant was the right of appellee to issue execution and the appeal to operate only as a devolutive ax>peal.
This view was recently reaffirmed. This court said: “If not good as a suspensive appeal, it stands good as a devolutive appeal." Succession of Bey, 47 La. Ann. 223, 16 South. 826.
There is no ground for dismissing the appeal for the reason stated. This court has jurisdiction to determine whether the appeal is suspensive or devolutive.
We therefore take up for review the one question: Has appellant the right to a suspensive appeal?
We do not think he has. No suspensive appeal lies from a judgment dismissing a succession representative, and for the same reason, it occurs to us, that no suspensive appeal lies from a judgment refusing to appoint a representative. There is a succession, the judge a quo decided, but that none the less there is no necessity for an administrator, and refused to appoint appellant.
We find no good reason enabling appellant to take a suspensive appeal. If he were permitted to take such an appeal, he would not arrest anything in the way of settlement of the succession, in so far as others are concerned. '
They are not concerned by his application or-in any way interested or bound. They are third, persons, whom a suspensive appeal would not reach or affect. He has a right, it is true, but only as an applicant in a devolutive appeal, and the judgment in the *45 devolutive appeal will secure to him all the rights he may have to the administration.
It is therefore ordered, adjudged, and decreed that appellee’s motion to dismiss is referred to the merits.
It is further ordered, adjudged, and decreed that the appeal is dismissed in so far as it is suspensive, but that it remains on the docket to be heard and decided as a devolutive appeal; the costs of appeal to be assessed in final decree.
MONROE, J., dissents.