BREAUX, J.
Relatof, alleging that he is owner of and pays taxes on property, complains of the judgment of the district court as illegal, on the ground that public property was offered for sale so as to enable the government of the United States, by removal of competition, to buy it cheaper than it. otherwise could, and that for that reason the sale proposed would be null. Blaintiff, relator here, sued for an injunction to prevent the sale on a number of grounds:
Brincipally, that the sale is a private sale, in contravention of the laws, and not a sale at public auction at all.
That under the charter of the city, it is the intention that property be sold so as to bring the highest price possible.
That it contains, substantially, the provision that sale of city property shall be' made at public auction after 30 days’ advertisement.
That the ordinance under which the property is offered for sale contains provision authorizing the mayor to withdraw the real estate in question from sale at any time prior to the adjudication, and further the ordinance directs that the buildings and improvements on the properties offered should not be included with the land, but that the city would remain the owner of the improvements.
We are informed by the pleadings that the-city, about two years ago, bought the property for $92,551, and that the city placed improvements thereon to an amount of about $25,000. The foregoing is a statement of the main facts upon which plaintiff in the-district court, relator here, based his complaint.
It appears that the owners of property in the square in which the city’s property iS' situated proposed to sell their property to the United States government for prices that amount in all to $137,000. The government offers to buy the property for a post office' site, and will not buy unless it can become *956 the owner of the square, as it Contains the .area which the general government requires for post office building and grounds.
In answer to plaintiff’s demand the city .and her comptroller appeared and interposed the objection of no cause of action, and also placed the action at issue by pleading a general denial.
The ease was called and heard on the merits, without prejudice to the exception of defendants.
■ It results, from the method followed in the trial and the reservation made, that the exception and the issues it presents must first be considered and decided.
Plaintiff sought to bring the board of liquidation into the suit as party defendant, and to that end filed an amended and supplemental petition, on the ground that this board only can direct the sale of property ■of the city of New Orleans not dedicated to or required for public use.
The city excepted, and asked the court to recall the order, which had been granted, to file the supplemental petition. This exception was sustained by the district court, to the extent that the board of liquidation was ■concerned. The injunction applied for by relator was refused, and his petition dismissed.
Relator sues here for writs of certiorari and mandamus, directed to the district judge, commanding him to vacate his order, reinstate the case, and proceed to its trial ■on the merits.
The respondent, in answer to the rule nisi, insists that jhe, having exercised the discretion vested in him in refusing the injunction, relator has no right to a mandamus, his remedy being by appeal; that, while his judgment is based upon the exception of no cause of action filed by the defendant, all the evidence of the cause is before the court, as the case at the request of relator was taken up on the merits at the time that the exception of no cause of action was heard.
The respondent judge further insists that the relator was not entitled to the writ of injunction, because his petition was not sustained by proof; that, the relator having' gone to trial on the’ merits, his remedy now is by appeal, and not mandámus.
There are general principles of practice which we think are controlling in this case.
■In the first place, we cannot overlook the fact that necessarily this injunction was applied for under article 303 of the Code of Practice, and not under article 298 of the Code.
Under the last article cited, the judge is not invested with discretion, when an application for an injunction is made in conformity with law. It devolves upon him to grant the writ. But under the former (article 303) he has discretion. We see that under this article cíluts have some discretion in the premises. Cameron v. Godchaux, 48 La. Ann. 1345, 20 South. 710.
It has been in other cases expressly held that the writ of injunction is not wholly a writ of right, and that some legal discretion in the matter is vested in the court of the first instance.
Bank v. Webre, 44 La. Ann. 1081, 11 South. 706; Chatard v. City, 10 La. Ann. 752; State ex rel. Lafitte v. Judge, 51 La. Ann. 1768, South. 374.
These decisions are referred to to the extent that they sustain the view that the district court is vested with some discretion in the premises.
As relates to an appeal: The relator has that right. In fact, he has the right to attack the sale by direct action in any other legal proceeding; and this, after the adjudication of the property. Having the right to appeal, it follows that he has no right to the mandamus for which he sues.
None of his rights are prejudiced. On the contrary, all of them, whatever they may be, will be specially reserved.
It is therefore ordered, adjudged, and decreed that the rule nisi, which was issued in this case, is recálled and set aside. It is further ordered, adjudged, and decreed that relator’s application is denied, and his petition is dismissed. • .
It is further ordered, adjudged, and decreed that ail rights as referred to in the body of our opinion, and remedies that relator has, or may have, are reserved .to him in all respects to the fullest extent needful to enable him to sustain them in such action as will be legal.