Opinion on Merits.
The heirs of this succession are all majors; there are no debts disclosed, save those incurred in connection with the last illness, *211 death, and burial of the decedent; and the creditors are not only not demanding an administration, but have placed themselves on record to the effect that they do not desire one, or are indifferent upon the subject. There is, therefore, practically nothing for an administrator to do. Counsel for appellant calls attention to the fact that, in answer or replication to the opposition, his client and Mrs. Malcolm claim the benefit of inventory, and he refers us to Civ. Code, art. 1047, as conclusive to the effect that in such a condition an administration is required. So far as Mrs. Malcolm is concerned, she is, as we have seen, of record both as opposing and as demanding an administration, and the counsel through whom she makes the opposition seems to hold the later credentials, in writing. Apart from that, however, it was held, many years ago, that the article relied on is controlled by the provisions of the Code of Practice (articles 975, 976, et seq.), and that the appointment of an administrator is not a matter of course, but is to be made when any of the creditors require it, though, no doubt, it may be made in cases where there are no debts. Bryan v. Atchison, 2 La. Ann. 462; Succession of Story, 3 La. Ann. 502. In the instant case, as has been stated, there are no debts which require an administration and no creditors demanding one, and, as to the debts due to the succession, they are due by the heirs, and they, as well as the other matters to which counsel for the applicant refers, will come up in the partition proceedings, and we can discover no good reason why to the expense of those proceedings there should be added the expense of an administration. Succession of Graves, 50 La. Ann. 435, 23 South. 738; Alleman v. Bergeron, 16 La. Ann. 192; Succession of Wintz, 111 La. 40, 35 South. 377.
The judgment appealed from condemns the succession to pay the cost of the application for administration and of the opposition thereto, with attorney’s fees to a reasonable amount, and the appellees pray that it be amended in that respect. We are of opinion that the inventory which the applicant caused to be made may inure to the benefit of all parties, and that the costs, including the fee of the attorney incurred in the taking, should be borne by the mass, but that all other 'costs should be borne by the applicant
It is therefore ordered, adjudged, and decreed that the judgment appealed from be amended, in so far as to condemn the appellant for all costs, save those incurred (including attorney’s fee) in the taking of the inventory, and, as amended, affirmed; the appellant to pay the cost of the appeal.