LAND, Justice.
 

 Mrs. Marie Illg died in the city of New Orleans and left a last will and testament in which she named her son, Joseph B. Illg, as testamentary executor without bond. Let
 
 *210
 
 ters testamentary issued to him, and he duly qualified as executor.
 

 The executor filed what he terms “a provisional and final account,” showing the assets and debts of the succession, with a tableau of distribution of the residue. Judgment was rendered homologating the account and ordering the funds to be distributed. Thereafter the executor presented to the court a petition alleging that all the debts of the succession had been paid, that the various heirs of the deceased had been put in possession of the residuum, and prayed for his final discharge.
 

 On July 6, 1933, judgment was rendered finally discharging the executor and relieving him from further responsibility.
 

 On September 14, 1933, two of the heirs filed rules to set aside and annul the tableau of distribution and judgment thereunder signed July 6, 1933, and to order new proceedings for the proper and legal distribution of the estate.
 

 After hearing on these rules, which were consolidated for trial, the following judgment was rendered: “It is ordered, adjudged and decreed that the rules be made absolute, and accordingly that there be judgment in favor of plaintiff in rules and against the Execu: tor, Joseph B. Illg, defendant in rule, and that the judgment signed by thé Court on July 6, 1933, in these proceedings upon petition of the Executor on same date, which purports to put the heirs in possession of the estate in the proportions designated in the petition of the Executor under his ex parte tableau of distribution, and ordering the discharge of the Executor, be annulled, avoided and set aside; and that the Executor be and he is hereby ordered to take such proceedings as the law directs, to the end that there may be a proper and legal termination of his administration.”
 

 The executor took a suspensive appeal from this judgment to this court, and the appellees have moved to dismiss the appeal on the ground that this is an appeal from a judgment removing an executor and must have effect provisionally until the appeal is decided. C. P. arts. 580, 1059; B. C. C. art. 1160.
 

 The judgment appealed from, instead of re-» moving the executor, has reinstated him and directs him to take proceedings to terminate his administration in a proper and legal manner.' .
 

 The real question involved is whether there is or is not a succession, or whether a further administration of this succession is necessary or legally possible, and from a judgment on this issue a suspensive appeal is properly prosecuted.
 

 As said in State v. Parish Judge of Plaquemines, 22 La. Ann. 23, at page 24: “These articles of the Codes are applied when suc: cessions are opened to be administered, and the controversy is between two or inore persons for the right of preference to the appointment of administrator, but not, as in this case, where the principal question is, succession or no succession; or.whether an administration is necessary, or legally possible.”
 

 It is ordered that the motion to dismiss the suspensive appeal in this case be overruled.