**44 So.2d 880**

Succession of **TULLIER.**

No. 39595.

Feb. 13, 1950.

Jack P. F. Gremillion, Baton Rouge, for plaintiffs-appellants.

Brumfield, Hebert & Rush, Baton Rouge, for mover-appellee.

FOURNET, Chief Justice.

The appellee, Benjamin J. Tullier, whose opposition was sustained to the petition of

six of his eight children to have one of them, Ira J. Tullier, appointed administrator of the succession of their mother, Mrs. Anna Mary Tullier, now moves to have the appeal, taken from the judgment maintaining the opposition, dismissed insofar as it is suspensive, and to have it declared devolutive.

Mrs. Anna Mary Tullier died on March 27, 1943, leaving a surviving husband, Benjamin J. Tullier (appellee), and eight children born of that union (Clarence J. Tullier, Ira J. Tullier, Artemus J. Tullier, Elliott J. Tullier, Herman C. Tullier, Mrs. Hazel T. Meliet, nee Tullier, John H. Tullier, and Warren J. Tullier—the first six named instituted these proceedings), her estate consisting of her half interest in the property acquired during the community existing during her marriage to appellee. Benjamin J. Tullier remarried on August 25, 1945. The appellants allege in their petition that an administration of the estate is necessary since the assets are being dissipated, and pray that letters of administration issue to Ira J. Tullier, after inventory and appraisement of the succession. The appellee filed an opposition to these proceedings, claiming that no administration of the estate is necessary inasmuch as there are no debts due by the estate of the decedent, that he has been at all times ready and willing to effect a division of the property, and that on the day before proceedings were filed in this mat-

ter a tentative agreement had been reached between him and the petitioners to the effect that the succession would be opened without provoking an administration and that after appraisement a division would be made. In the alternative he asked that, as surviving spouse, he be appointed administrator by preference. The trial judge decreed that there was no necessity for an administration of the estate, maintained the opposition and accordingly dismissed the application of Ira J. Tullier for letters of administration. After judgment was rendered, three of the petitioners joined in a motion for rehearing, which was denied, then perfected a suspensive appeal. On motion, the appellee now urges that the appeal should be dismissed insofar as it is suspensive, and that it should be declared devolutive.

■■■ Appeals are favored and aided by the courts. State ex rel. Durand v. Parish Judge, 30 La.Ann. 282; First Nat'l Bank of Ruston v. Lagrone, 164 La. 907, 114 So. 832; Pool v. Gaudin, 207 La. 403, 21 So.2d 424. One against whom a final judgment has been rendered in a cause in which an appeal is given by law, is entitled to an appeal as a matter of right. La.Code of Practice, Art. 565. Having a right of appeal, the law itself regulates the effect to be given such appeal. Young v. Village of Bossier City, 152 La. 18, 92 So. 719. When an appeal is perfected within the time required by law (10 days), and upon furnish-

ing security, "it shall stay execution and all further proceedings, until definitive judgment be rendered on appeal;" but if the appeal be not taken within the ten days allowed, or if the appellant fail to furnish the security required under Article 575 C.P., such is a devolutive appeal in that it shall not stay execution of the judgment, for in that case "no surety shall be required, except to such an amount as the court may determine as sufficient to secure the payment of the costs." Art. 578, C.P. There are certain exceptions to the provision that timely-perfected appeals stay execution of the judgment, these being: Judgments relating "to the nomination of tutors and curators of minors, of persons absent or interdicted, and of vacant successions. To the appointment of syndics of creditors, when the court orders that they shall administer provisionally", Art. 580, C.P.; and judgments "appointing or removing a tutor or curator of a minor, interdicted or absent person, or of a vacant succession of absent heirs, or other administrators of successions", Art. 1059, C.P., in which cases the judgments are executed provisionally. When appealable, a judgment may always be appealed from suspensively, unless it come within one of the excepted classes. Young v. Village of Bossier City, supra.

The primary issue in this case is the question of whether or not an administration is necessary. A judgment on this point does not fall under any classification of the judgments which are to be executed provisionally notwithstanding the timely perfection of an appeal, and there is no sound reason advanced why these exceptions should be extended; nor do we know of such reason. However, counsel for appellee rely on Succession of Wintz, 111 La. 40, 35 So. 377, as being decisive of the issue presented here. It cannot be gainsaid that the court, in that case, held that a judgment refusing to appoint an administrator was appealable not suspensively, but devolutively, giving the following reason: "No suspensive appeal lies from a judgment dismissing a succession representative, and for the same reason, it occurs to us, that no suspensive appeal lies from a judgment refusing to appoint a representative." 111 La. at page 44, 35 So. at page 379. No authorities are offered in support of this statement nor did the opinion distinguish earlier authorities to the contrary; and not only has the case never been cited on the point since date of its rendition in 1902, but the reasoning is contrary to numerous holdings of this Court to the effect that the exceptions may not be broadened or extended by judicial construction. See State ex rel. Marin v. Judge, 22 La.Ann. 23; State ex rel. Pearson v. Judge, 22 La.Ann. 61; State ex rel. Bachet v. Sommerville, 110 La. 734, 34 So. 757; Succession of Illg, 180 La. 207, 156 So. 224; Succession of Tyler, 192 La. 365, 188 So. 31. This Court, in the early case

of State ex rel. Marin v. Judge, supra, when considering Articles 580 and 1059 of the Code of Practice and Article 1113 of the Civil Code, said this: "These articles of the Codes are applied when successions are opened to be administered, and the controversy is between two or more persons for the right of preference to the appointment of administrator, but not, as in this case, where the principal question is, succession or no succession; or *whether an administration is necessary,* or legally possible. The demand made by one of the relators as heir, to be appointed in preference to the creditor applying, *was only incidental, and dependent on the necessity for an administration.* From a judgment on the issues in this controversy a suspensive appeal was properly granted * * *." (Emphasis supplied.) This case has not only been cited as authority in several cases and as "most appropriate" in the recent case of Succession of Tyler, supra, but the views therein expressed were quoted with approval in Succession of Illg, supra. We are therefore unable to follow the rule of the case of Succession of Wintz, since it is not supported by the jurisprudence and is violative of the statutory rule that exceptions should not be extended by construction.

For the reasons assigned, the motion to dismiss the appeal insofar as it is suspensive, and to have the appeal declared devolutive, is denied.