MOISE, Justice.
This case was before us in connection with the opponent-appellee’s motion to have plaintiffs-appellants’ appeal dismissed, insofar as it was suspensive, and to have it declared devolutive. The motion was denied (216 La. 821, 44 So.2d 880), and the matter is now before us on the merits.
Mrs. Anna Tullier died intestate in the-Parish of East Baton Rouge, La., in March, 1943, leaving a surviving spouse and eight children, all of whom are now majors. The surviving spouse remarried on August 25, 1945. In 1948 the decedent’s succession was opened by six of her eight children, who asked for an administration and for the appointment of Ira J. Tullier, the eldest within the jurisdiction of the court, as administrator; they further alleged that the surviving spouse had disposed of assets belonging to the community of the first marriage and had continued to receive rents and revenues subsequent to his remarriage, without accounting to the heirs for either.
*1008 The surviving spouse has opposed the administration, alleging that no debts are due and that he has always been willing to make a division of the estate and ’to furnish an accounting of all properties and funds belonging to the decedent. Opponent further asked, alternatively, that should an administration be necessary, that he, as surviving spouse be preferred over any other person to the appointment.
The district court maintained the opposition of the surviving spouse and dismissed the application of Ira J. Tullier for letters of administration. Plaintiffs have appealed.
We have carefully reviewed the evidence upon which the trial judge predicated his judgment, and it is our conclusion that his finding is correct; and his judgment, therefore, will not be disturbed.
For the reasons assigned, the judgment appealed from is affirmed; plaintiffs-appellants to pay all costs.
On the day this matter was argued in this court, defendant filed an answer to the appeal, wherein he alleged that the same was frivolous and taken solely for the purpose of delay; and accordingly prayed for damages in the amount of $2,215.95. But since the answer was not filed prior to three days before the day fixed for argument, the claim for damages cannot be considered, under the provisions of Article 890, Code of Practice as amended by Act No. 103 of' 1908.