87 So.2d 719

**Succession of Katie ROTH, Widow of Frederick Franz,**

**and**

**Succession of Mrs. Katie (Katy) Roth, Widow of Fred Franz.**

No. 42875.

May 7, 1956.

See also, 227 La. 1058, 81 So.2d 394.

Piazza & Gulotta; Simon & Wicker; Curtis, Foster & Dillon; Felix W. Gaudin, New Orleans, for appellants.

Prowell, Viosca & Reuter; Joseph V. Ferguson, II, New Orleans, for appellees.

McCALEB, Justice.

Following the death of Mrs. Katie Roth Franz on October 22, 1953, the rival claimants to her succession caused it to be opened in the Civil District Court for the Parish of Orleans and presented for probate two wills purportedly executed by the decedent. The first of these was a nuncupative will by public act executed on October 22, 1947, which was offered for probate by the late August H. Grimaldi, Sr., a legatee under

the will.[1] The other was an olographic will, dated March 17, 1948, which appellee, Mark J. Falgoust, sought to have probated. Simultaneously appellants, John W. Thomas and William Kleis, Kate Burgwardt and the late Pauline Roth Denniston (presently represented by the testamentary executrix of her estate), filed a petition in the succession proceedings attacking the validity of the two wills on numerous grounds and specially pleaded that the olographic will was a forgery. The heirs of August H. Grimaldi joined the Kleis group in assailing the olographic will.

The trial court, realizing that the litigation would be protracted, appointed the National American Bank in New Orleans as administrator pro tempore of the estate "until such time as the validity of the wills shall have been determined finally by the courts of this State".

In due course, the case was fixed for hearing and the taking of evidence begun. After testimony had been heard for more than ten days but before the parties had submitted the matter for decision, the judge announced that he would admit the will for probate. Thereupon, appellants notified him that they would apply to this court for remedial writs. The writs were applied for, granted and made peremptory upon appellee's acquiescence in the prayer of appellants' application, this court ordering that the case be remanded to the lower court to be proceeded with according to law, that is, that all the testimony be heard before disposition be made of appellants' demands. See Succession of Mrs. Katie Roth Franz, No. 42,130 of the docket (not reported).

Conformably with the order of this court, the trial judge completed the hearing of all evidence in the case and rendered judgment on January 12, 1956 (which was signed on January 20, 1956) dismissing the oppositions of the appellants to the olographic will and further providing that "when this judgment shall become final, the probate of decedent's will on November 4, 1954, which was interrupted by the application for remedial writs, be completed, and that in due course Mark J. Falgoust be permitted to qualify as Testamentary Executor of decedent's estate upon taking the oath and complying with the requisites of the law".

In due time all opponents adversely affected by this judgment applied for and were granted suspensive and devolutive appeals upon each set of appellants (Kleis and Grimaldi) furnishing bond in the amount of $3,000. The appeals were perfected by the giving of the bonds and the timely filing of the transcript in this court.

Appellee now moves to dismiss the appeals. The primary basis of the motion is that the judgment sought to be reviewed is nothing more than an interlocutory decree and that, being tantamount to an order pro-

1. He died subsequently and his heirs were substituted as parties in his place and stead. They are appellants herein.

bating the will and confirming the appointment of the testamentary executor appointed therein, it cannot suspend the execution of the judgment in view of Articles 580 and 1059 of the Code of Practice.

There is no merit in the contention. The judgment herein, which disposes of the issue in controversy between the parties, i. e., the validity of the olographic will of March 17, 1948, is a final appealable judgment within the contemplation of Article 565 of the Code of Practice. Since appellants were vested with the right of appeal, the law itself regulates the effect to be given to such appeal. Young v. Village of Bossier City, 152 La. 18, 92 So. 719. Article 575 of the Code of Practice provides for the suspensive appeal which is allowable, save in exceptional cases, when it is taken within ten days and security is furnished in monied judgments for a sum exceeding by one-half the amount for which the judgment was given and, in other cases, in such amount as is fixed by the trial judge. Article 574, Code of Practice; Layman v. Succession of Woulfe, 136 La. 767, 67 So. 823 and Ruppert v. Fontenot, 138 La. 375, 70 So. 331.

Appellee's complaint that the judge erred in granting suspensive appeals is founded on the theory that this is one of the exceptional cases in which a suspensive appeal is not permitted.

But these appeals are not governed by Article 1059 of the Code of Practice. That article, declaring that an appeal from a judgment appointing or removing a tutor or curator or an administrator shall not suspend the execution of the judgment, is clearly inappropriate here as the appeals have not been taken from such a judgment as described therein. No doubt the judgment herein clears the way for the probate of the will and the confirmation of appellee as executor, but the fact remains that it does not install him as such.

Furthermore, Article 1059 of the Code of Practice was never intended to apply to an appeal of this sort. The reason for that Article and the complementary Article 580 of the Code of Practice is the necessity for having certain judgments take effect immediately so as to prevent injury to a minor, interdict, absentee or succession for want of a tutor, curator or administrator, as the case may be. State ex rel. Pearson's Widow v. Parish Judge, 22 La.Ann. 61 and Succession of Tyler, 192 La. 365, 188 So. 31.[2] Since the succession in the instant case

2. This Court has consistently ruled that Articles 580 and 1059 of the Code of Practice apply only in cases where injury would result if no appointment were made of the tutor, curator or administrator. In State ex rel. Marin v. Judge, 22 La.Ann. 23, the court held that it was proper to grant a suspensive appeal from a judgment dismissing an opposition to the appointment of a dative testamentary executor and administrator, the basis of the opposition being that

is being administered by an administrator pro tempore, no injury could result from the allowance of the suspensive appeals. Consequently, Article 1059 of the Code of Practice is without pertinence.

■ Appellee additionally asserts in his motion to dismiss that there are various irregularities of form in the appeal bonds and further that the bonds are insufficient in amount and not fixed in accordance with law.

These objections may not be considered by this court on a motion to dismiss. R.S. 13:4579. The court of original jurisdiction is the proper forum in which all errors in appeal bonds, or matters pertaining to their sufficiency, may be corrected. R.S. 13:4572; Hand v. Harper, 171 La. 47, 129 So. 664;

Blaize v. Cazezu, 208 La. 1081, 24 So.2d 147 and Governor Claiborne Apartments v. Attaldo, 227 La. 39, 78 So.2d 502.

It appears in this case that appellee did file a rule in the trial court assailing the sufficiency of the amount of the appeal bonds and contending that they were not fixed according to law. However, after a hearing, appellee's rule was dismissed and he neither appealed nor made application for remedial writs from the judgment of dismissal. Appellee cannot have the judgment reviewed on a motion to dismiss for, as above stated, this Court may not dismiss an appeal because of an alleged insufficiency of the appeal bond. R.S. 13:4579; cf. Irish Levy Electric Co. v. Moss, 176 La. 882, 147 So. 22.

The motion to dismiss is denied.

there was no estate to be administered. To the same effect are State ex rel. Pearson's Widow v. Parish Judge, 22 La.Ann. 61, where the court made peremptory a writ of prohibition ordering the trial court to grant a suspensive appeal from a judgment appointing a dative testamentary executor; State ex rel. Byrnes v. Sommerville, 110 La. 734, 34 So. 757, holding that a judgment removing a definitive syndic from office was appealable

suspensively; Succession of Tyler, 192 La. 365, 188 So. 31, holding that a testamentary executrix was entitled to appeal suspensively from a judgment annulling the testament and Succession of Tullier, 216 La. 821, 44 So.2d 880, where, after a review of the entire jurisprudence, a suspensive appeal was permitted from a judgment dismissing appellant's application for letters of administration.