HAMITER, Justice.
For consideration presently in this cause is plaintiff’s motion to dismiss the appeals of the defendants.
From the record it appears that a money judgment in favor of plaintiff was signed on June 24, 1957. Later, on motions of defendants the judge, in chambers, granted appeals to this court; and he fixed the return date for August 20, 1957. No issuance of citations was prayed for in the motions and none was ordered by the court. The transcript of the appeals was lodged here on July 22, 1957.
On July 30, 1957 appellee tendered the instant motion to dismiss, he alleging as grounds therefor that “no citation of said appeal was prayed for and no citation of said appeal issued on plaintiff herein.” Thereafter, on August 1, 1957, appellants caused the Clerk of the District Court to serve copies of the motions for the appeals and also appeal citations on appellee. Thus, the citing of the latter, it is noticed, occurred more then fifteen days prior to the return date of August 20, 1957.
Appellee contends that he is entitled to a dismissal of the appeals, even though he was actually cited (subsequent to the filing of the motion to dismiss but fifteen days prior to the return date), because (1) the judge himself did not order the citations and (2) he has been deprived of substantial *707 rights with regard to the question of the sufficiency of the appeal bonds.
There is no merit in the first contention, our decision in Pool v. Gaudin, 207 La. 403, 21 So.2d 424, 425 being clearly contrary to it and decisive here. Therein we said: “It is our opinion, therefore, that the appellant’s failure to proceed by petition in obtaining the order of appeal in this case, his failure to pray for citation of appeal in the motion, and the judge’s failure to order such citation, were all irregularities that were cured when the defendant was served with the citation before the day fixed for lodging the transcript in this court. The fundamental basis for the citation was thus satisfied”.
Neither do we think that appellee has shown that he has been deprived of any substantial rights anent the question of the sufficiency of the bonds. Notwithstanding our'maintaining of the appeal at this time appellée retains his privilege .of hereafter testing ,the bonds in the district court. Louisiana Revised Statutes 13:4572 et seq. ; State ex rel. Continental Supply Company v. Fontenot, 152 La. 912, 94 So. 441; Hand v. Harper, 171 La. 47, 129 So. 664; Blaize v. Cazezu, 208 La. 1081, 24 So.2d 147; Kennedy v. Perry Timber Company, 217 La. 401, 46 So.2d 312; and Succession of Roth, 230 La. 33, 87 So.2d 719.
The motion to dismiss is denied.