HALL, Judge.
This is an appeal from an ex parte order of the District Court reopening the ancillary succession proceedings of Sid W. Richardson in Plaquemines Parish and appointing Preston H. Hufft as administrator of the reopened succession.
Sid W. Richardson, a domiciliary of the State of Texas died on September 30, 1959 testate. His will was duly probated at his domicile in the State of Texas and ancillary proceedings were opened in the Parish of Plaquemines where he owned considerable property on March 24, 1960 and were closed on July 18, 1962 when judgment was rendered homologating the final account and tableau of distribution and discharging the executors.
The ex parte order reopening the succession was rendered and signed March 21, 1967 on the petition of Mrs. Camille Sil-vera Molero, Testamentary Executrix of the Succession of Manuel Molero. Perry R. Bass prosecutes this devolutive appeal from that order.
This is Mrs. Molero’s second attempt to reopen the succession proceedings. Her first attempt filed May 27, 1964 failed for technical reasons. See Molero v. Bass, La.App., 190 So.2d 141 (certiorari denied 250 La. 2, 193 So.2d 523). The nature of *186 Mrs. Molero’s claim and the background of the succession proceedings are set forth in this Court’s opinion in that case.
Mrs. Molero’s petition for reopening the succession in the instant matter is based on the same claim and the same allegations which were made in her former suit. In her petition in the instant case she states that it is necessary that the succession proceedings be reopened and a successor administrator appointed:
“(A) To afford petitioner the opportunity to have adjudicated her said claim against this Louisiana Estate of S. W. Richardson;
“(B) To seek recision, on grounds of fraud and failure of consideration, of purported dispositions of immovable assets of this succession * * * and
“(C) To properly carry out the administration of this succession and complete same to a judgment of possession which has not yet been done.”
Following the rendition of the ex parte order of March 21, 1967 herein appealed from Perry R. Bass, Bass Brothers Enterprises, Inc. and Richardson Oils Inc. (three of the defendants named in the former suit) filed a rule against the petitioner to show cause why the said order should not be recalled, vacated and annulled on the ground that petitioner had no right or cause of action to reopen the succession, that no legal ground has been shown to reopen it, and specially plead the judgment in the former suit as res judicata of this action. This rule to show cause was filed on March 28, 1967 and was made returnable on June 8, 1967.
On May 17, 1967 the petitioner, Mrs. Molero, filed a response to the rule coupled with an amendment to her original petition, and on the same date filed motions directed to each of the plaintiffs in rule for the production of certain documents.
On May 23, 1967 Perry R. Bass, Bass Brothers Enterprises, Inc., and Richardson Oils Inc., filed a plea of prescription of one, three and five years directed to Mrs. Molero’s petition. On the same date Perry R. Bass alleging that he “is an heir and legatee” of the deceased sought and was granted a devolutive appeal from the ex parte order of March 21, 1967 reopening the succession. Also on the same date Perry R. Bass, Bass Brothers Enterprises, Inc., and Richardson Oils Inc., applied for and obtained an order from the District Judge continuing all orders previously issued for the production of documents “until thirty (30) days after final judgment on appeal.”
The authority for the order herein appealed from is contained in LSA-C.C.P. Art. 3393 which reads as follows:
“Art. 3393. Reopening of succession
“After a succession representative has been discharged, if other property of the succession is discovered or for any other proper cause, upon the petition of any interested person, the court, without notice or upon such notice as it may direct, may order that the succession be reopened. The court may reappoint the succession representative or appoint another succession representative. The procedure provided by this Code for an original administration shall apply to the administration of a reopened succession in so far as applicable.”
In their briefs and arguments before us the parties have gone at length into the question whether “proper cause” was shown for the reopening of the succession, whether the first suit, Molero v. Bass, La. App., 190 So.2d 141, is res judicata of the issues in the instant case, and whether Mrs. Molero’s action is prescribed. Almost as an after thought, or so it seems, appel-lee raised the contention that the order appealed from is an interlocutory order and therefore not appealable. Since this contention involves our jurisdiction to decide the appeal we are obliged to pass upon it foremost.
*187 The articles of the Code of Civil Procedure pertinent hereto are as follows:
“Art. 2083. Judgments appealable
“An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, and from an interlocutory judgment which may cause irreparable injury.” (LSA-C.C.P. 2083)
“Art. 1841. Judgments, interlocutory and final
“A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final.
“A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.
“A judgment that determines the merits in whole or in part is a final judgment.” (LSA-C.C.P. 1841)
“Art. 2086. Right of third person to appeal
“A person who could have intervened in the trial court may appeal, whether or not any other appeal has been taken.” (LSA-C.C.P. 2086)
Appellee first challenges the right of Perry R. Bass to appeal as “an heir and legatee” of the late Sid W. Richardson on the ground that he is neither an heir nor a legatee since no judgment of possession having been rendered in the succession proceedings he has never been recognized as an “heir”, and since he is not a legatee of any property situated in Louisiana he cannot be classed as a “legatee” in these proceedings. Regardless of whether there is any merit in these contentions Mrs. Mol-ero’s petition has charged him with fraud and manifestly he had a right to intervene in the proceedings and therefore has a right to appeal if the order complained of is appealable.
Appellee’s next contention is that the ex parte order of March 21, 1967 is interlocutory in character and therefore not appeala-ble. If it is interlocutory Perry R. Bass has no right of appeal since he (unlike the discharged executors in Molero v. Bass, supra) has made no attempt to show that he has suffered or may suffer irreparable injury therefrom.
Appellant takes the position: (a) that he has a right of appeal from that portion of the order appointing Preston H. Hufft for the reason that the said Hufft is disqualified from holding the office of administrator under the provisions of LSA-C.C.P. Art. 3097 as amended; and, (b) the order of March 21, 1967 is appealable as a whole since it determines whether a reopening of the succession is necessary.
Since there is nothing in the record to show Hufft’s status, nothing is presented by this appeal for us to pass upon in relation thereto.
The only serious question presented for our determination is whether the ex parte order appealed from is interlocutory or final.
LSA-C.C.P. Art. 3393 which authorizes such orders appears on its face to indicate the character of orders issued thereunder as interlocutory since it grants full discretion to the District Judge to issue such orders without notice. This appears to us to suggest that the only means available to test the validity of such orders is by resort to the supervisory jurisdiction of the appellate court in the event of an abuse of discretion on the part of the District Judge.
Be that as it may, we are of the opinion that such orders are interlocutory because all they determine is a preliminary matter in the cause. (See LSA-C.C.P. Art. 1841.) They do not determine the merits of the action in whole or in part. *188 The order appealed from in the instant case does not determine in whole or in part the merits of any controversy which may exist between the appellant, Perry R. Bass, and Mrs. Molero, the appellee. The order appealed from is solely an ex parte determination by the District Judge that in his opinion Mrs. Molero’s petition shows a proper cause for reopening the succession. Such a determination is so closely analogous to the overruling of an exception of no cause of action (which of course is not appealable) as to make the two indistinguishable.
Appellant contends however that the Supreme Court has sanctioned appeals where the principal point at issue is whether a further administration of a succession is necessary, citing State ex rel. Marin v. Parish Judge, 22 La.Ann. 23; State ex rel. Pearson’s Widow v. Parish Judge, 22 La. Ann. 61; State ex rel. Bachet v. Sommerville, 110 La. 953, 34 So. 953; Succession of Illg, 180 La. 207, 156 So. 224; Succession of Tyler, 192 La. 365, 188 So. 31; Succession of Tullier, 216 La. 821, 44 So. 2d 880; Succession of Roth, 230 La. 33, 87 So.2d 719.
None of the cases cited by plaintiff are in our opinion controlling here. They were decided long before there was any statutory authority for reopening a succession. In fact LSA-C.C.P. Art. 3393 is the first authority ever granted by statute for the reopening of a succession after discharge of the succession representative and we must look to that statute for the answer to the question presented.
In our opinion an order reopening a succession under the provisions of LSA-C.C.P. Art. 3393 is interlocutory and not appealable absent a showing by appellant that he has been or may be irreparably injured by such order.
For the foregoing reasons the appeal herein taken by Perry R. Bass is dismissed at his cost without prejudice however to his right to have a determination by the District Court of his rule to show cause why the order reopening the succession should not be vacated and set aside. The cause is remanded to the District Court for further proceedings according to law.
Appeal dismissed and cause remanded.