289 So.2d 855 (1974)
Succession of Arthur E. YANCOVICH.
No. 6037.
Court of Appeal of Louisiana, Fourth Circuit.
February 6, 1974.
*856 Zelden & Zelden, Michael D. Zelden, New Orleans, for plaintiffs-appellants.
Bubrig & Scandurro, Dominick Scandurro, Jr., Buras, for defendants-appellees.
Before SAMUEL, REDMANN and BAILES, JJ.
SAMUEL, Judge.
The decedent herein was married twice, first to Adele Maestri. Two children were born of that union, Arthur E. Yancovich, Jr. and Norman E. Yancovich. Following a divorce from Adele Maestri he married Lillian Turlich and of that union four children were born, Rene, Rose, Joel and Ruth Yancovich.
During his marriage to Lillian Turlich decedent purchased certain immovable property in the Parish of Plaquemines. He died on September 10, 1961 and Lillian Turlich Yancovich opened his succession the following month by seeking appointment as administratrix and requesting that an inventory be taken. In due course, the inventory was taken and filed into the succession proceedings. The inventory included the immovable property purchased subsequent to his divorce from Adele Maestri.
On April 18, 1963 Arthur E. Yancovich, Jr., one of the children of the first marriage, filed a rule to traverse the inventory in which he questioned the valuation placed on the property. Later he dismissed his motion to traverse with prejudice and both he and Norman E. Yancovich, the other child born of the decedent's first marriage, allegedly sold all of their interest in their father's succession to Lillian Turlich Yancovich.
Also subsequently, the administratrix filed her final account and tableau of distribution *857 which was approved and homologated and the funds ordered distributed accordingly. On September 16, 1964, there was judgment discharging Lillian Turlich Yancovich as administratrix of the succession and canceling her bond. This action effectively closed the succession and no further pleadings were filed therein until January 12, 1971. On that date Adele Maestri Yancovich and the two children of decedent's first marriage, Arthur, Jr. and Norman, filed a motion to traverse the inventory taken in the succession on November 9, 1961.
The January 12, 1971 motion to traverse the inventory alleges that certain immovable and personal property described in the inventory as assets of the community of acquets and gains existing between the decedent and Lillian Turlich Yancovich should be amended to show that all of the properties in the succession were in fact assets of the community of acquets and gains existing between the decedent and Adele Maestri Yancovich or belonged to the separate estate of the decedent. The motion further alleges that the decedent was never legally married to Lillian Turlich but at the time of his death was still legally married to Adele Maestri. Various exceptions were filed to the motion to traverse, including exceptions of improper use of summary proceedings, improper service and citation, and non-joinder of necessary parties.
In an attempt to bring the matter before the court for adjudication, Adele Maestri Yancovich, Arthur, Jr. and Norman Yancovich then filed a petition to reopen the succession "to allow petitioners to file necessary and proper pleadings" therein. The petition alleges the decedent was never legally divorced from his first wife and his second wife was never legally divorced from her husband, and that those divorces were fraudulent and null and void ab initio. It further alleges the purpose of reopening the succession is to afford them an opportunity to show the property listed in the inventory actually belonged to the community of acquets and gains existing between Adele Maestri Yancovich and the decedent at the time of his death. The same persons who were petitioners in the petition to reopen the succession also filed a rule to show cause why the succession should not be reopened. The material allegations in the petition for rule are substantially the same as those in the petition to reopen.
Various defendants in the rule to show cause filed exceptions thereto. Those exceptions include no right of action under Code of Civil Procedure Article 3393, no cause or right of action, no interest in the subject matter, five year liberative prescription, 10 year liberative prescription, and res judicata.
A hearing was held on the motion to traverse the inventory, the petition to reopen the succession, the rule to show cause why the succession should not be reopened and the exceptions to the rule to show cause. Insofar as the record discloses, the matter was argued but no testimony was taken. The trial court concluded that the motion to traverse the inventory was an improper procedural device and rendered judgment sustaining the exceptions and dismissing the motion to traverse the inventory, the petition to reopen the succession and the rule to show cause why the succession should not be reopened. Adele Maestri Yancovich, Arthur E. Yancovich and Norman E. Yancovich, have prosecuted this appeal from that judgment.
We agree with that portion of the trial court judgment which dismissed the motion, the petition to reopen and the rule to show cause. In our opinion there is no showing of proper cause to reopen the succession pursuant to Code of Civil Procedure Article 3393. That article provides:
"After a succession representative has been discharged, if other property of the succession is discovered or for any other proper cause, upon the petition of any interested person, the court, without notice or upon such notice as it may direct, *858 may order that the succession be reopened. The court may reappoint the succession representative or appoint another succession representative. The procedure provided by this Code for an original administration shall apply to the administration of a reopened succession in so far as applicable." LSA-C.C.P. Art. 3393.
Under the quoted article a succession may be reopened for two reasons: (1) as a matter of law, the discovery of property inadvertently omitted from the succession;[1] and (2) "any other proper cause". The second ground for reopening a succession was first introduced into Louisiana law by the Code of Civil Procedure upon the adoption of that code in 1960 and no attempt was made by the drafters of the code to define "any other proper cause." Commentators have explained that Article 3393 was designed primarily to provide a means for dealing with overlooked assets,[2] and it would seem that the reopening of a succession "for any other proper cause" is at best secondary in importance.[3]
In Danos v. Waterford Oil Company,[4] the court made the following observation:
"Next we observe the provisions of the statute to be clearly and unmistakably permissive, not mandatory. It follows that its terms are to be invoked and applied within the sound discretion of the trial court depending upon the circumstances peculiar to each individual case."
The actual holding in the Danos case was that a succession cannot be reopened when it has not been under administration and is effectively closed.[5] In spite of the fact that the portion of the Danos case quoted above is technically dictum, the reasoning of the court and the wording of the article itself lends credence to the conclusion that a finding of proper cause is within the discretion of the trial court and may be overturned only for an abuse of that discretion.
In Molero v. Bass,[6] the court stated, but did not squarely hold, that the failure of a creditor to prevent a claim timely in a succession proceeding does not constitute proper cause for reopening the succession. Dictum in Succession of Trouard,[7] further indicates that the discovery of a will and an attempt by heirs to demand collation is not "any other proper cause" under Article 3393 for the reopening of the succession.
In the instant case, the alleged discovery, made approximately 7 years after the closing of the succession, of facts showing that the succession inventory may have incorrectly allocated property to an allegedly nonexistent community of acquets and gains is not sufficient "other proper cause" under Article 3393 to reopen the succession. We can see no need to reopen this succession, nor does it appear to us that appellants would obtain any advantage by a reopening.
Here there are no funds left in the succession; there is nothing left to administer. Nor does the refusal to reopen for a cause other than the discovery of property not already included in the succession deprive *859 heirs or the alleged widow of any rights they have or may have had in the assets which formerly belonged to the decedent. By not opposing the account of the succession administratrix and by allowing the judgment homologating the administratrix' final account to become final, they have lost the right to have whatever interest in the succession may belong to them paid directly out of the succession property and assets. But appellants can pursue, or could have pursued, their action directly against the other heirs of the decedent and the widow of the second marriage or her successors.[8]
We limit our holding, and feel that we must also limit the trial court judgment, to a dismissal of the motion to traverse the inventory, the petition to reopen the succession and the rule to show cause why the succession should not be reopened solely on the ground that appellants have failed to show other proper cause under Article 3393. A consideration of such exceptions as, for example, liberative prescription and res judicata cannot be reached following refusal to reopen the succession; they could be considered only in the event the succession was reopened. Accordingly, we pretermit and do not consider the exceptions which are not directly concerned with the question of reopening the succession.
For the reasons assigned, the judgment appealed from is amended and recast so as to read as follows: It is ordered, adjudged and decreed that the motion to traverse the inventory, the petition to reopen the succession and the rule to show cause why the succession should not be reopened are dismissed solely on the ground that appellants have failed to show other proper cause under Code of Civil Procedure Article 3393. All costs in both courts are to be paid by the appellants.
Amended; affirmed as amended; and recast.
NOTES
[1] See Succession of Delesdernier, La.App., 184 So.2d 37.
[2] McMahon, the Louisiana Code of Civil Procedure, 21 La.L.Rev. 1, 44; Oppenheim, Substance and Procedure: The Civil Code as affected by the Code of Civil Procedure in Matters of Succession Law, 35 Tul.L.Rev. 475, 479; and see also In Re Estate of Richardson, La.App., 214 So.2d 185.
[3] See Molero v. Bass, La.App., 190 So.2d 141; Danos v. Waterford Oil Company, La. App., 225 So.2d 708.
[4] See citation footnote 3, 225 So.2d at page 714.
[5] This holding seems to have been modified by Act 644 of 1970, adding paragraphs B and C to Article 3393.
[6] See citation footnote 3.
[7] La.App., 281 So.2d 863.
[8] See Molero v. Bass and Danos v. Waterford Oil Company, citations footnote 3.