MARVIN, Judge.
We granted alternative writs of prohibition and mandamus directing the lower court to show cause why a suspensive appeal should not be granted in this case. This action was taken on the application for supervisory writs by the undertutrix who sought to appeal from an order of the lower court after a contradictory hearing with the undertutrix which authorized the tutrix to expend funds of the minors to pay two-thirds of the purchase price for a mobile home in which to house the tutrix and the minor children.
The lower court granted an order for suspensive appeal by the undertutrix, but later recalled the order after the tutrix provoked a rule to recall the suspensive appeal. That part of the court’s order granting a devolutive appeal was not rescinded.
In opposition to the application, the tu-trix-respondent contends there is no authority for a suspensive appeal of a judgment authorizing the tutrix to expend funds of a minor. In Succession of Tullier, 216 La. 821, 44 So.2d 880 (1950), the Supreme Court held that when a judgment is appealable it may be always appealed from suspensively unless it comes within one of the statutory exceptions. See also Godchaux Sugars v. Ockman, 68 So.2d 206 (La.App. Orleans 1953). The judgment of the lower court is not among the statutory exceptions such as are provided in La.C.C. P. Articles 2974, 3612 and 4068. It is a final judgment as required by La.C.C.P. Article 2083, and it may be appealed suspen-sively.
For the reasons assigned, the writ is made absolute and it is ordered that the Honorable Second Judicial District Court, Parish of Jackson, State of Louisiana, grant forthwith a suspensive appeal to the Applicant in accordance with law.