AYRES, Judge.
This is an action in tort wherein plaintiff seeks to recover damages incurred as a result of the alleged negligence and malpractice of Drs. Fred A. Marx and Oliver H. Vreeland.
The negligence charged, briefly stated, relates to the doctors’ failure to ascertain and diagnose, after examinations and the taking of x-rays, that plaintiff was afflicted with and suffering from tuberculosis. Dr. Marx, plaintiff’s family physician, after examination, referred him to Dr. Vreeland who was alleged to be employed as a radiologist by the St. Francis Hospital, Inc.
Made defendants are the Hartford Accident and Indemnity Company, which carried a policy of professional liability insurance for Dr. Marx, and the St. Paul Mercury Insurance Company, which carried a comprehensive general liability policy insuring the St. Francis Hospital, Inc. Neither Dr. Vreeland nor his insurer, if any, was made a party defendant.
The Hartford Accident and Indemnity Company joined issue by filing an answer to plaintiff’s demands.
*389 The St. Paul Mercury Insurance Company has filed a motion for a summary judgment. The sustaining of this motion and plaintiff’s appeal from a judgment dismissing his action as to that defendant presents, for determination, the issues now before the court.
The basis of plaintiff’s claim against the St. Paul Mercury Insurance Company is that a relationship of employer and employee existed between the St. Francis Hospital, Inc., and Dr. Vreeland, and that, under the doctrine of respondeat superior, this defendant’s assured is liable to plaintiff for the doctor’s negligence. In the defendant’s motion, it is contended that:
(1) no liability attaches to the St. Francis Hospital, Inc., under the doctrine of respondeat superior for the reasons that:
(a) the relationship between Dr. Vreeland and the hospital is not one of employer-employee, but is one of partnership, and
(b) the doctrine of respondeat superior does not apply where the hospital had no right of control over Dr. Vreeland;
(2) the relationship existing between the St. Francis Hospital, Inc., and Dr. Vreeland being one of partnership, it was a prerequisite to the action against the individual partners or their individual insurers that the partnership be made a defendant in the suit.
As to the first of these contentions, the record leaves no doubt of the existence of a partnership relationship between Dr. Vreeland and the St. Francis Hospital, Inc. This fact was not controverted on trial of the motion. Therefore, the conclusion is inescapable that such relationship exists. Such was the holding of this court on the showing of an identical relationship in the case of Thomas v. Lobrano, La.App.2d Cir., 1954, 76 So.2d 599 (writs denied).
Having determined that the partnership relation exists, we may now turn to the defendant’s second contention, viz., that the partnership should have been made a party to this suit.
LSA-C.C.P. Art. 737 provides:
“A partnership has the procedural capacity to be sued in its partnership name.
“The partners of an existing partnership may not he sued on a partnership obligation unless the partnership is joined as a defendant.” (Emphasis supplied.)
Nevertheless, plaintiff contends that the partnership is not a necessary party in that this action against the insurer is instituted under the provisions of the Direct-Action Statute, LSA-R.S. 22:655. The principal.obligor in this case is the partnership existing between Dr. Vreeland and the hospital. Prerequisite to recovery is the establishment of a partnership obligation. The clear intent of LSA-C.C.P. Art. 737 is that an obligation of a partnership may only be established contradictorily with the partnership or, in view of the Direct-Action Statute, against its insurer alone or in an action against both. Had the action been directed against the insurer of the partnership, the Direct-Action Statute would appear to have had clear application. In this case, however, a partnership liability is sought to be established against neither the partnership nor its insurer, but against the insurer of only one of the two partners. We are, therefore, of the opinion there is a nonjoinder of necessary parties.
The proceedings through which a summary judgment was sought partake of the nature of a plea, or exception, of nonjoinder of necessary parties (LSA-C. C.P. Art. 926), and we may treat the proceedings as such. Pleadings are taken for what they really are, and not for what their authors designate them. State ex rel. Matt v. Rightor, 37 La.Ann. 843 (1885); Erath Sugar Company v. Broussard, 240 La. 949, 125 So.2d 776 (1961).
*390 It was error, therefore, to reject plaintiff’s demands and dismiss his suit.
Accordingly, for the reasons assigned, the judgment appealed is annulled, avoided, reversed, and set aside; and
It is now Ordered, Adjudged, and Decreed that defendant’s motion be, and it is hereby, sustained to the extent of permitting plaintiff to amend his petition to include, as parties-defendants, all necessary and indispensable parties.
Accordingly, this cause is remanded to the Honorable, the Fourth Judicial District Court in and for Ouachita Parish, Louisiana, for further proceedings consistent with the views herein expressed and according to law.
Defendant-appellee, St. Paul Mercury Insurance Company, is taxed with the cost of this appeal. The taxation of all other costs shall await final judgment.
Reversed and remanded.