FRUGÉ, Judge.
This is a suit seeking the removal of certain immovable property from the descriptive list filed by the administratrix of the succession of Oían W. Willis. The trial court, by means of a rule to show cause, prompted a contradictory hearing which resulted in an order by the court removing the property from the descriptive list. The administratrix then appealed the trial court’s judgment to this court.
The decedent, Oían W. Willis, died on October 30, 1968. He was one of five children of George and Essie Willis who had acquired title to Lots 10 and 11 of Block 5, Addition No. 1 of Jefferson Highway Realty Company, in Natchitoches, Louisiana. George Willis died some thirty years ago and Essie Willis died on June 8, 1956. (Both died intestate.) Their children were Imogene Earl Willis, Mildred J. Willis Dickens, George Willis, Jr., Olan W. Willis, and Audry W. Willis. All of the children died intestate and without issue with the exception of Audry W. Willis.
On November 13, 1968, some two weeks after Olan’s death, Audry, as sole surviving heir conveyed the property (Lots 10 and 11 of Block 5) to Natchitoches Collections, Inc. On December 19, 1968, Pearl G. Willis was appointed administratrix of the succession of Olan W. Willis. She filed a descriptive list in lieu of an inventory which included Lots 10 and 11 of Block 5. On January 24, 1969, Natchitoches Collections, Inc., conveyed Lot 11 of Block 5 to Mariah Martin in exchange for a house and lot in another area of Natchitoches.
On February 18, 1969, Mariah Martin moved that a rule to show cause be granted, ordering the administratrix to show why the descriptive list should not be traversed by deleting Lot 11, alleging that she was the record owner of Lot 11. Natchitoches Collections, Inc. later traversed the descriptive list as to Lot 10. The court ordered both lots stricken from the descriptive list.
The appellant contends that only heirs and creditors can be considered as interested parties who can traverse the descriptive list as provided by La.Code Civ. P. art. 3137. No cases were cited supporting this contention which is not unusual since this article was first introduced into Louisiana law by the new Code of Civil Procedure of 1960. However, in the case of Succession of Smith, 247 La. 921, 175 So.2d 269 (1965), the Supreme Court held that a surviving spouse was an “interested party” under art. 3137. This case in conjunction with the well-settled principle that rules of procedure are to be liberally construed, requires that the vendees of the heir be considered as interested parties under the above article.
The appellant also contends that the appellees, in traversing the descriptive list, are proving title to immovable property which makes it a real action thereby preventing the use of summary process. Again in Succession of Smith, supra, the Supreme Court held that a motion to traverse an inventory (analogous to a descriptive list) is not a real action even though immovable property is involved.
The appellant further contends that the doctrine of le mort saisit le vif does not apply to collateral heirs since they are not forced heirs. The case of Heirs of Cole v. Cole’s Executors is cited in favor of this contention. (7 Mart. [N.S.] 414, [Eastern District, 1829].) However, that case merely held that collateral heirs are not forced heirs. La.Civ.Code art. 887 which says “There are three classes of legal heirs, to wit: The children and other lawful descendants; The fathers and mothers and other lawful ascendants; And the collateral kindred”, read in conjunction *734 with La.Civ.Code art. 940, which says, “A succession is acquired by the legal heir, who is called by law to the inheritance, immediately after the death of the deceased person to whom he succeeds,” clearly indicates that the maxim le mort saisit le vif applies to legal heirs which includes collaterals (see also La.Civ.Code arts. 941-947).
Even though “the property of a deceased person is, on his death, transmitted directly and immediately to the legal heir, or, in absence of forced heirs, to a universal legatee without any action having been taken on his part to cause himself to be placed in actual possession.” (Culpepper v. Slater, 131 So.2d 76, 79 (La.App.2d Cir., 1961), it does not follow that property alienated by the heir can be omitted from proper and timely succession proceedings which includes placing it on the descriptive list (see La.Code Civ.P. art. 3211). The court went on to say at pp. 79, 80, quoting from Cross on Successions, § 35:
“The seisin of the succession representative operates merely to protect his title as detainer of the property for the purpose of his administration; while the seisin of the heir, conflicting in no respect with the other, operates as the sign of his title as owner of the estate, subject to its liquidation under administration.” (emphasis ours.)
The purpose of the detailed descriptive list is to provide a complete, concise evaluation of the property of the deceased thereby enabling the succession representative to properly administer the succession and informing heirs, creditors, and other interested parties of the nature and value of the succession of property. The descriptive list is merely prima facie proof of its contents and may be amended or traversed by any interested party.
However, this does not mean that an heir or his vendee can place property beyond the reach of the succession representative and the creditors of the deceased. The heir can validly convey his interest but his vendee owns that interest subject to the same claims of creditors and costs of the succession as the heir had he retained the interest. The heir can convey no greater rights than he himself had. Therefore the property in question should remain on the descriptive list pending the administration of the succession.
For the foregoing reasons, the judgment of the trial court is reversed and it is hereby ordered that Lots 10 and 11 of Block 5 he returned to the descriptive list filed by the administratrix. Nothing in this judgment is to prejudice the right of the heir or her vendee to the beneficial use of the property or any other right that they may choose to assert. Costs of this appeal to be assessed to the plaintiff-appellees.
Reversed and rendered.