COVINGTON, Judge.
This is an appeal from a judgment of the district court ordering Larry D. Perkins and Margaret Williams Perkins to deposit the sum of $500, plus all costs of the rule, with the Clerk of Court of Livingston Parish on or before a certain date.
The matter commenced as a suit for separation brought by Margaret Williams Perkins against her husband, Larry D. Perkins, based on cruel treatment, and for recognition of the wife’s interest in the community property. During the course of the proceedings, there was almost constant harassment by the parties against each other, causing unimaginable difficulties which finally forced the trial judge to remark: “This is a very difficult case. The difficulty is not made any — is not lessened in any way because we’re dealing with two intelligent individuals. But y’all have done a terrific job of making this very difficult. You’re in the process, if you stay on the road that you’re on now, of completely ruining yourselves financially.” Both parties have been in contempt of court for deliberately disobeying court orders. The parties were unable to amicably resolve the community property problem, due to a certain extent because each of the parties operated a going business (the wife, a plant nursery; the husband, a cabinet shop), but neither was content to mind his or her own business. In any event, it became necessary to have an inventory of the property made; so the court appointed an attorney practicing in the parish as notary to make an inventory of the community of acquets and gains *240 existing between Mr. and Mrs. Perkins.[1] The inventory was then made by the notary, taking the better part of two days, in the presence of the two appraisers and the two competent witnesses. The notary then made a proces verbal of the inventory, listing each item of property individually and showing movable property amounting to $138,864.27 (the immovable property was handled through arrangements made by the parties). In addition to household furnishings, the major portion of the movable property consisted of the two businesses (a nursery and a cabinet shop). The inventory was not traversed by either Mr. Perkins or Mrs. Perkins.
On January 27, 1982, the notary filed a contradictory rule against both parties to have them pay an additional sum of $500 for the notary’s fee.[2] The rule was heard on February 4, 1982, with the judgment thereon being rendered February 17, 1982, ordering Mr. and Mrs. Perkins to deposit the additional sum of money sought by the notary. This appeal followed. We affirm.
On appeal, the appellants question the manner in which the inventory was made. As stated, the appellants failed to traverse the inventory in the court below. They are not now in a position to attack the inventory on appeal. A motion to traverse the inventory in the trial court is the proper procedural device for raising objection to the inventory or to its approval by the court. See LSA-C.C.P. art. 3135; Succession of Smith, 247 La. 921, 175 So.2d 269 (1965). We have reviewed the inventory in the record and find no irregularities contained therein. The record does not support appellant’s assertions in brief that the appraisers and witnesses were not present during the taking of the inventory. The proces verbal of the notary states that the appraisers and witnesses were present and properly performed their respective duties. Nothing in the record refutes the proces verbal, which, under the law, must be accepted as prima facie proof of all matters shown therein. LSA-C.C.P. art. 3135.
Next, the appellants contend that the court’s approval of the notary’s fee constituted an abuse of discretion. Under LSA-R.S. 9:1423, the trial court is charged with the responsibility of fixing the notary’s fee for taking an inventory and such fee is taxed as costs. It is implicit within the statute that the fixing of the fee is discretionary with the trial judge. See Watson v. Watson, 395 So.2d 361 (La.App. 1st Cir.1981).
We find no error in the trial court’s setting of the notary’s fee at $1600, and requiring both parties to deposit the additional $500 with the clerk of court (together with all costs of the rule), so that the notary can be fully paid for his services. Considering all of the factors involved in the making of this inventory,[3] we do not find any abuse of the trial court’s discretion.
Therefore, for the reasons assigned, the judgment of the trial court is affirmed. The appellants are cast for costs of this appeal.
AFFIRMED.

. In connection with the inventory, the parties were ordered, by judgment dated June 27, 1981, to pay into the registry of the court the sum of $1,000 ($500 each).

. At the time of the rule, the notary had been paid the sum of $1100 on his fee, leaving the alleged amount of $500 due (the sums included the appraiser fees).

.Parenthetically, the inventory consists of about 400 categories of items, some of which contain more than 1,000 individual items; e.g., 2,400 1-gallon gardenia plants.