DUFRESNE, Judge.
This is an appeal from a judgment sustaining an exception of no cause of action, and a subsequent refusal by the trial court to permit amendment of the petition so as to state a cause of action.
Plaintiffs-appellants, Patricia and Herman McCullum, purchased a condominium unit from its apparent owner, Harbor View Townhouses, Inc. All negotiations for sale of the property by Harbor View were conducted by James M. Gibbs, II, president of the corporation. Soon after the purchase, plaintiffs complained to Gibbs about certain defects in the property. Attempts made to correct those problems were apparently unsuccessful. Plaintiffs thereupon brought suit against Harbor View and Gibbs, defendants-appellees here, styling their petition one for Reduction in Purchase Price.
The substance of this petition as to Gibbs was that he misrepresented that the unit was free of defects and fit for residential use, and that tennis courts and a swimming pool were to be built, but such facilities *847 were never constructed. It further alleged that he had breached the condominium declaration by failing to properly maintain the complex and in renting units to commercial establishments.
Gibbs subsequently filed an exception of no cause of action alleging that as the suit was one for quanti minoris, the rules governing suits in redhibition were applicable. He argued that because this action can lie only against the owner-seller of a thing, and as he was neither, but rather merely an agent of the owner-seller, the petition failed to state a cause of action against him.
Judgment without written reasons was rendered sustaining the exception and dismissing Gibbs from the suit. Plaintiffs then requested leave to amend their petition to state that Gibbs had made negligent misrepresentations giving rise to an action in tort, that he had violated the consumer protection laws (LSA-R.S. 51:1401 et seq.), and that Harbor View was merely the alter ego of Gibbs, therefore rendering him personally liable for damages suffered by plaintiffs because of his misrepresentations and violation of the condominium declaration. Leave to so amend was denied by the trial court.
Plaintiffs now bring this appeal seeking reversal of the judgment sustaining the exception of no cause of action, or in the alternative reversal of the denial of their request to amend the petition. Because we determine that the petition sets forth allegations sufficient to sustain the causes of action sought to be more clearly specified by way of amendment, we amend the judgment of the trial court sustaining the exception of no cause of action and remand to allow amendments.
Initially, we note that the characterization of the petition as one for reduction of the purchase price will not be controlling, so long as the petition sets forth factual allegations which would sustain other actions. Succession of Smith, 247 La. 921, 175 So.2d 269 (1965). Additionally, LSA-C.C.P. Art. 865 states that “every pleading shall be so construed as to do substantial justice”. We must, therefore, determine what a fair reading of the petition actually reveals as to causes of action appearing therein against Gibbs. We must, of course, take all factual allegations as true in this context.
First, plaintiffs aver that Gibbs misrepresented to them that the condominium was suitable as a residence and free from defects, and that he is personally liable to them for defects later appearing in the property. They also contend that he misrepresented to them that a swimming pool and tennis courts would be built, and that failure to construct these amenities has reduced the value of their property.
The law provides that an agent may become personally liable for damages occasioned by intentional or negligent misrepresentations as to facts which he knows or has reason to know are false. Guidry v. Barras, 368 So.2d 1129 (La.App. 3rd Cir.1979). While no direct assertion is made that Gibbs made negligent or intentional misrepresentations, the simple allegation that he made misrepresentations at all is sufficient in our view to raise the legal issue of whether his conduct renders him liable personally in tort, even though acting as an agent of the corporation.
Plaintiffs also allege that the condominium declaration was violated by Gibbs in failing to properly maintain the complex and by rentals to commercial establishments. This is a claim in contract which can only be brought against a party thereto. Therefore, to hold Gibbs liable for breach of contract, he must either have been a party to that contract, or he must have been acting as the alter ego of Harbor View Townhouses, Inc. If either of these facts can be established at trial, then Gibbs will be personally liable for the breach. The allegation, therefore, that Gibbs is liable on contract is sufficient to raise the issue of whether or not he was the alter ego of the corporation. We also note that if it is proved at trial that Gibbs was indeed the alter ego of the corporation, then of course all other legal consequences of that finding in regard to the question of agency and the claim in quanti minoris would follow.
*848 While we appreciate that the petition here might have been more artfully drawn and captioned, we nonetheless hold that our construction of the petition is more reasonable in that it will afford the litigants their day in court, arrive at the truth, and prevent any miscarriage of justice. Hero Lands. Co. v. Texaco, Inc., 310 So.2d 93 (La.1975).
Accordingly, the trial court’s judgment sustaining the exception of no cause of action is affirmed, but amended to allow the plaintiffs the opportunity to amend their petition against the defendant, James Gibbs, II. We remand for further proceedings according to law and consistent with the views expressed herein. Assessment of all costs shall await final disposition of this matter by the trial court.
AMENDED AND AS AMENDED, REMANDED.