KLIEBERT, Judge.
The only remaining question before us on this appeal is the singular issue of who is an “interested person” within the intendment of Code of Civil Procedure Article 3137.[1]
Mr. and Mrs. Warren LeRuth, appellants, parents of Lee R. LeRuth, filed a rule to traverse the descriptive list submitted by the administratrix, Mrs. Torey C. LeRuth, the widow óf the decedent, Lee R. LeRuth, appellants, and the natural tutrix of their children. The trial court found that apart from their desire to protect the interest of their two grandchildren[2] the appellants lacked an actual and real interest in the succession estate and hence dismissed their rule to traverse. We agree and hence affirm for the reasons hereafter stated.
Lee LeRuth died intestate on January 16, 1989. On January 30, 1989, Torey C. Le-Ruth filed for and was appointed adminis-tratrix of the succession and letters of administration issued to her. On March 7, 1989 appellants filed a rule to show cause challenging the issuance of the letters of administration to Torey C. LeRuth on the grounds she had failed to file a descriptive list of the assets of the decedent’s succession, and obtained a temporary restraining order (TRO) against her.
Following a hearing held on March 10, 1989 the district court dissolved the TRO and ordered the administratrix to file a descriptive list. The administratrix filed the descriptive list on May 15, 1989 and the appellants filed their rule to traverse on July 10, 1989. The administratrix filed a *184 motion to dismiss the rule which was ultimately set for hearing on August 18, 1989. Following this hearing the district court dismissed the rule to traverse and appellants brought this suspensive appeal.[3]
In his reasons for judgment here, the trial judge said:
“Counsel for mover and respondent and the Court have found little jurisprudence in respect to interpreting who an ‘interested party’ may be. Counsel for the administratrix suggests that the interested party must be either an heir or creditor. Certainly parties in either of those categories would qualify. Counsel for the grandparents suggests the liberal interpretation of the Article would encompass grandparents who are alleging the traversal of the detailed descriptive list is necessary in order to protect the rights of the minor children. In support of that position, counsel refers to the Succession of Olan W. Willis v. Maria Martin, et al, 228 So.2d 732 (writs denied) wherein the Court used language ‘heirs, creditors and other interested parties’ indicating that more than just heirs and creditors could be interested parties.
In that particular case the other party was a person claiming ownership of property included on the detailed descriptive list.
It is this Court’s opinion that heirs, creditors and other interested parties contemplate someone whose rights are being affected and therefore have a standing to protect their own property rights. It does not envision, however well intended, permitting the grandparents of minor children to inject themselves into the administration of the succession on the theory that they are protecting the interest of the minors.
This Court feels that the role the grandparents [appellants] are attempting to assume is that of a tutor or undertutor and in the present posture the grandparents, Warren and Marie LeRuth, have no standing or right to bring a rule to traverse the detailed descriptive list filed in this proceeding.”
We fully agree with the trial court’s observations and reasoning and hence affirm its ruling. Appellants to pay alb, costs.
AFFIRMED.

. La.C.C.P. Article 3137 provides as follows:
The descriptive list of succession property authorized by Article 3136 shall be accepted as prima facie proof of all matters shown therein, unless amended or traversed successfully.
The court may amend the descriptive list at any time to correct errors therein, on ex parte motion of the person filing it. Any interested person may traverse the descriptive list at any time, on contradictory motion served on the person filing it. If a descriptive list is amended, or successfully traversed a copy of the amended or traversed descriptive list shall be filed with the Department of Revenue. The court may order the reduction or increase of the security required of a succession representative to conform to the corrected total value of the property of the succession.

. Chelsey and Danica LeRuth, five and two years of age respectively, the issue of Lee and Torey LeRuth.

. On August 7, 1989 appellants, pursuant to the provisions of Code of Civil Procedure Article 4069, filed a petition to be appointed tutor of the estate of the minors. The trial court found the appellants were “interested parties" within the intendment of Article 4069 and refused to dismiss the petition. This Court dismissed an appeal by the administratrix because it was an interlocutory decree without the showing of irreparable injury. See appeal lodged under No. 89-CA-723 and the dismissal of the appeal rendered under No. 89-CM-658.