SUCCESSION OF TERESA SALAZAR RIVERA

NO. 21-CA-312

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 777-491, DIVISION "L"
HONORABLE DONALD A. ROWAN, JR., JUDGE PRESIDING

February 23, 2022

**JOHN J. MOLAISON, JR.**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Marc E. Johnson, and John J. Molaison, Jr.

<u>**REVERSED**</u>
**JJM**
**FHW**
**MEJ**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
ANGEL L. RIVERA
     Anthony J. Milazzo, Jr.
     Charles V. Giordano

COUNSEL FOR PLAINTIFF/APPELLEE,
JOSE RIVERA
     Albert J. Nicaud
     Jeffrey M. Siemssen

COUNSEL FOR DEFENDANT/APPELLANT,
CHRISTINE LOUIE AND CARMEN LOPEZ
     Eric J. Derbes
     Bryan J. O'Neill

**MOLAISON, J.**

The appellants, Carmen Lopez and Christine Louie, seek review of the trial court's granting of the appellees, Angel and Jose Rivera's Exceptions of No Right of Action, and denial of the appellants' Petition to Reopen the Succession of Teresa Rivera and Annul Judgment of Possession. For the reasons below, we reverse the judgments of the trial court granting the exception of no right of action, granting of the Motion to Annul and Vacate Order Reopening the Succession, and dismissing the appellants' Petition to Reopen the Succession and Annul Judgment of Possession.

**FACTS**

Teresa Salazar Rivera, whose succession is the subject of this litigation, was married to Andres Rivera. They purchased property at 3617 White Street in Metairie on May 28, 1966. Andres Rivera died on May 11, 1999. His will left the naked ownership of his entire estate to two of his five children, Andres Rivera Jr. and Carmen Lopez, in equal shares subject to his wife's usufruct.[1] A detailed descriptive list, sworn by Teresa Rivera, Andres Rivera, Jr., and Carmen Lopez, lists the community, immoveable property at 3617 White Street "acquired by Teresa Salazar Rivera, wife of Andres Rivera,"[2] and movable, community property, $29,368.73 in the Metairie Bank and Trust Company account and $20,176.96 in a Hibernia Account. A judgment of possession of September 7, 1999, orders that Teresa Rivera as his surviving spouse has an undivided one-half interest in and to all property belonging to the community, including the immovable property at 3617 White Street and movable property described as a 1996 Ford, a Metairie Bank and Trust Company account, and a Hibernia bank

---

[1] Mr. Rivera's will, drafted in 1997, also names his daughter, Maria Auxilladora Lopez, as his executrix. The appellee, Angel Rivera was mentioned in the will as alternative beneficiary should Carmen Lopez or Andres Rivera, Jr., predecease their father. The will does not mention the appellee, Jose Rivera.
[2] The title to the property reflects that it was acquired "by Teresa Salazar Rivera, wife of and Andres Rivera."

21-CA-312                                    1

account. Andres Rivera Jr. and Carmen Lopez were recognized as the legatees entitled to the naked ownership of the property in equal portion, subject to the decedent's usufruct for life.

On April 4, 2005, Carmen Lopez filed for Chapter 7 bankruptcy. Lopez's bankruptcy trustee, authorized by an order of March 2, 2006 of the bankruptcy court, sold her interest in the estate of Rivera to Christine Louie for $2,000. This interest was recorded in the conveyance records of Jefferson Parish on March 22, 2006. Andres Rivera, Jr. died on July 19, 2014. His succession was not opened until the application of Lopez on March 12, 2021, when she was appointed as his administratrix.

Teresa Salazar Rivera, the decedent, died on July 31, 2017. An obituary was not published. Her will, executed in 2009, left her property to Angel Rivera and Jose Rivera, the appellees,[3] whom she also appointed as co-executors. The appellees filed a Petition for Possession on November 6, 2017, which stated that there was no necessity for an administration as the estate was "free from debt," and attached a sworn, detailed descriptive list of assets of $1,452.00 in cash, debts of $1,903.00 for funeral costs, and the immovable property on White Street which is described as "acquired by Teresa Zalazar Rivera, wife of Andres Rivera." A judgment of possession was entered on November 6, 2017.

## PROCEDURAL HISTORY

The appellants, Carmen Lopez and Christine Louie, filed a Petition to Reopen Succession and Annul Judgment of Possession on November 6, 2020, seeking to reopen the succession of the decedent and annul the November 6, 2017 Judgment of Possession. The petition alleged that the Judgment of Possession was

---

[3] On the decedent's death certificate, Angel Rivera is designated as her stepson, although the will refers to the appellees as her sons, born of her marriage to Andres Rivera. An affidavit of heirship sworn to by Michelle Rivera and Arianna Lee states "The decedent had three children: Andres Rivera, Jr. (who predeceased the Decedent), Angel L. Rivera, and Jose A. Rivera. The Decedent adopted no children, and was never adopted by anyone, had never acknowledged any child, either formally or informally."

21-CA-312                                   2

rendered "ex parte" and based on false and incorrect allegations contained in the Affidavit of Death and Heirship and the Petition for Possession filed by the appellees.

The trial court granted the petition on November 10, 2020. The appellees each filed an Exception of No Right of Action, with Jose Rivera also filing a "Motion to Annul and Vacate Order Reopening Succession of Teresa Salazar Rivera."[4] The exception and motion alleged that appellants have no interest in the estate of the decedent as they are not her heirs and they have no cause of action as the judgment of possession does not assign the entire White Street property, but only the decedent's half. Jose's petition also alleges that the action to annul is barred by prescription because the judgment has been filed in the property records for over three years, and the appellants failed to provide evidence of fraud or ill practices.[5] After a hearing on March 22, 2021, the trial court granted the exceptions and motion to annul, dismissing the appellant's petition. This timely appeal followed.

**ANALYSIS**

The appellants allege four assignments of error.

FIRST AND SECOND ASSIGNMENT OF ERROR

The first assignment alleges that the trial court erred in granting the exceptions of no right of action when finding no proper cause exists to reopen the succession. The second assignment alleges that the court erred in finding the appellants were not "interested persons." We shall address these assignments together since they both require an examination of La. C.C.P. art. 3393(B).

---

[4] On December 4, 2020, Jose Rivera filed an Exception of No Right of Action and Motion to Annul and Vacate Order Reopening Succession of Teresa Salazar Rivera. On January 12, 2020, Angel Rivera filed an Exception of No Right of Action by Angel L. Rivera to the Petition to Reopen Succession and Annul Judgement of Possession, Etc.

[5] The trial court did not make a ruling as to this prescription claim.

An exception pleading the objection of no right of action questions the plaintiff's standing or interest in the subject matter of the suit. La. C.C.P. art. 927(6). Specifically, the exception of no right of action questions whether a remedy afforded by law can be invoked by the plaintiff and determines if the plaintiff has a right or legal interest in the subject matter of the suit. *Guidry v. Dufrene*, 96-0194 (La. App. 1 Cir. 11/8/96), 687 So.2d 1044, 1045-46. To assert an action, a plaintiff must have a real and actual interest in the action asserted. La. C.C.P. art. 681. The burden of proof of establishing the exception of no right of action is on the exceptor. *Roubion Shoring Company, L.L.C. v. Crescent Shoring, L.L.C., et al.*, 16-540, 16-541 (La. App. 5 Cir. 5/17/17), 222 So.3d 921, 926. The exception of no right of action assumes the petition states a valid cause of action for some party and questions whether the plaintiff is a member of the class that has a legal interest in the subject matter of the litigation. *L&G Drywall, Inc. v. Gray Ins. Co.*, 19-441 (La. App. 5 Cir. 3/18/20), 293 So.3d 775, 778.

The concept of an "interested person" must be determined within the scope of La. C.C.P Article 3393. Article 3393(B) allows for the reopening of a succession, after rendition of a judgment of possession, "if other property is discovered, or for any other proper cause, upon the petition of any interested person."[6] Whether a succession will be reopened or not is within the sound discretion of the trial court. *Succession of Villarrubia,* 95-2610 (La. 9/5/96), 680 So.2d 1147, 1150. The Louisiana Supreme Court stated "[t]he basic purpose of

---

[6]    The second ground for reopening a succession was first introduced into Louisiana law by the Code of Civil Procedure upon the adoption of that code in 1960 and no attempt was made by the drafters of the code to define 'any other proper cause.' Commentators have explained that Article 3393 was designed primarily to provide a means for dealing with overlooked assets, and it would seem that the reopening of a succession 'for any other proper cause' is at best secondary in importance.
*Succession of Yancovich*, 289 So.2d 855, 858 (La. App. 4 Cir. 1974).

C.C.P. Art. 3393 is to provide a method for dealing with overlooked succession assets. . .Courts have found 'other proper cause' under La. C.C.P. art. 3393 to exist under extremely limited circumstances." *Id.*[7]

The appellants' petition raised the argument of standing/right of action by virtue of their position as creditors of the decedent's usufructuary debt. The appellees assert that "[t]he deceased herein further attested to the fact that there were community bank accounts with balances totaling $49,545.69." This was the listed total value of the accounts listed as community movable property in the Sworn Descriptive List of Assets and Liabilities for the Succession of Andres Rivera signed by the decedent, Andres Rivera Jr. and Lopez. The judgement of possession in the Succession of Andres Rivera stated that Andres Rivera, Jr. and Carmen Lopez were "entitled to and hereby sent into possession of the naked ownership of the balance of all of the property of which decedent died possessed in equal portion, subject to the usufruct for life in favor of Teresa."

The decedent became the owner of the consumables and was free to dispose of or consume them as she wished, but this would have not destroyed her obligation to Andres Jr. and Lopez to "pay the naked owner either the value of the consumables at the time [s]he began the usufruct, or deliver things of the same quantity and quality" at the termination of the usufruct. La. C.C. art. 538. This obligation is in the nature of a debt owed by the succession to the owners. *Succession of Majoue*, 97-710 (La. App. 5 Cir. 11/25/97), 705 So.2d 225, 228-29. Therefore, upon the decedent's death and the termination of her usufruct, the naked owners of the bank account were creditors of the usufructuary debt.

The jurisprudence does not provide a controlling principle for whether creditors have been deemed "interested parties" and whether a belated claim by an

---

[7] "Successions are not reopened to allow for collation, for assertion of forced heirship rights, or for error of law." *In Re Succession of Chatelain*, 00-1267 (La. App. 4th Cir. 5/16/01), 788 So.2d 620, 621.

alleged creditor is "proper cause" for reopening a succession. § 5.23. Reopening of successions, 1A La. Civ. L. Treatise, Civ. Proc. - Special Proceed.[8] Some cases have specifically mentioned creditors as part of a group of interested persons. In *Succession of Lasseigne*, the court found no proper cause was shown to reopen succession, specifically noting that "[n]o creditor was appearing to demand payment of a debt." 488 So.2d 1303, 1306 (La. App. 3d Cir. 1986), *writ denied*, 494 So.2d 327 (La. 1986).

The Fourth Circuit declined to find proper cause after "discovery, made approximately 7 years after the closing of the succession, of facts showing that the succession inventory may have incorrectly allocated property to an allegedly nonexistent community of acquets and gains." *Succession of Yancovich,* 289 So.2d 855, 858 (La. App. 4th Cir. 1974). However, a concurring opinion in *Succession of Anderson*, distinguished *Yancovich*, noting:

> Presumably, in Yancovich, publication of the final account and tableau of distribution would have afforded any creditor notice of the succession proceeding and the opportunity to assert his claim. Because of the waiver of the final account and tableau in the instant case, no notice was afforded to the creditor and, presumably, he was denied the opportunity to assert a claim or to protect his rights as provided by LSA-C.C.P. Arts. 3305, 3034, 3007, 3008, 3241 and 3242. The protective devices afforded to a creditor by the Code of Civil Procedure presume he has notice or knowledge of the opening of the succession. If there has been no publication of an account in a succession under administration, the creditor is deprived of notice, as in the instant case.

> 323 So.2d 827, 833 (La. App. 2d Cir. 1975) (Gulotta concurring).

This circuit, in interpreting who was an "interested person" under La. C.C.P. art. 3137, listed "heirs, creditors and other interested parties contemplate someone whose rights are being affected and therefore have a standing to protect their own

---

[8] "There has been considerable reluctance on the part of courts to reopen successions for reasons other than omitted assets. It would be desirable to amend the Louisiana Code of Civil Procedure to authorize expressly reopening the succession to deal with creditors' claims." Karl W. Cavanaugh, *Problems in the Law of Succession: Creditors' Rights*, 48 La. L. Rev. 1099, 1101 (1988) (Footnote 29).

property rights." *Succession of LeRuth*, 561 So.2d 183, 184 (La. App. 5th Cir. 1990).[9] Although that article dealt with the right to traverse a descriptive list, parties would have to file a petition to reopen a succession before asserting their dispute with a descriptive list.[10]

Commentators have found that jurisprudence shows that a court will find "proper cause" only in those cases in which the creditor or heir was not derelict in pursuing his or her claim in the succession proceeding, and has no adequate remedy elsewhere. § 5.23. *Reopening of successions*, 1A La. Civ. L. Treatise, Civ. Proc. - Special Proceed. A creditor usually is denied reopening when he had the opportunity to pursue his claim in the succession but failed to do so; in most of such cases, he has an adequate remedy by suit against the heirs or legatees. *Id.* In this case, the appellants as creditors were not derelict in pursuing their claims. The trial court issued a judgment of possession without formal administration of the succession. Under La C.C.P. art 3031-32, after the will has been probated or given the effect of probate, the legatees of a testate succession may be placed in possession without an administration upon a petition by all of the general and

_____

[9] This Court stated it fully agreed with the trial court's reasoning, which it quoted:

> Counsel for mover and respondent and the Court have found little jurisprudence in respect to interpreting who an 'interested party' may be. Counsel for the administratrix suggests that the interested party must be either an heir or creditor. Certainly parties in either of those categories would qualify. Counsel for the grandparents suggests the liberal interpretation of the Article would encompass grandparents who are alleging the traversal of the detailed descriptive list is necessary in order to protect the rights of the minor children. In support of that position, counsel refers to the Succession of Olan W. Willis v. Maria Martin, et al, 228 So.2d 732 (writs denied) wherein the Court used language 'heirs, creditors and other interested parties' indicating that more than just heirs and creditors could be interested parties.
> In that particular case the other party was a person claiming ownership of property included on the detailed descriptive list.
> It is this Court's opinion that heirs, creditors and other interested parties contemplate someone whose rights are being affected and therefore have a standing to protect their own property rights. It does not envision, however well intended, permitting the grandparents of minor children to inject themselves into the administration of the succession on the theory that they are protecting the interest of the minors.

*Succession of LeRuth*, 561 So.2d at 184 (emphasis added).

[10] It is worth noting that La. C.C.P. art. 3137 article was first introduced into Louisiana law by the new Code of Civil Procedure of 1960, with La. C.C.P. art 3393.

universal legatees, if (1) all are competent or act through a qualified legal representative, (2) each accepts the succession, and (3) none of the creditors has demanded an administration. The appellees, as legatees, received a judgment after asserting there was no debt or creditors that needed to be notified. No notice was given to creditors, nor was an obituary published.

Therefore, we find the trial court abused its discretion in finding that the appellees had met their burden of proving that appellants had no right of action. The appellants were creditors of usufructuary debt, and therefore, were interested parties in the succession. Louie had a recorded interest as a bankruptcy creditor of Lopez's inheritance interest in the estate of Andres Rivera.[11] Lopez is the administratrix of the Andres Rivera, Jr., who was given naked ownership of the estate of Andres Rivera.[12] Therefore, we find the court erred in granting the exception of no right of action. As the appellees' motion to annul and vacate the order reopening the succession was based on appellant not having standing, we find that it should be reversed as the appellees stated no other vice of form or substance under La. C.C.P. art. 2001 to merit annulling the trial court's order.

FOURTH ASSIGNMENT OF ERROR[13]

The fourth assignment of error alleges that the trial court erred in failing to find a right of action for the nullity of the Judgment of Possession.

---

[11] Lopez disposed of her naked ownership interest without affecting the usufruct in accordance with La. C.C. art. 603. The bankruptcy trustee's sale to Louie did not change the form of the decedent's usufruct under La. C.C. art. 615.

[12] At the time appellants filed the Petition to Reopen the Succession, Lopez claimed to be Andres Rivera, Jr.'s presumptive heir. Before the hearing on the exception on March 22, 2021, Lopez had succeeded in being appointed as the Administratrix of the Succession of Andres Rivera, Jr. and introduced a copy of the Letters of Administration appointment at the hearing.

[13] We decline to address the third assignment of error relating the trial court's failure to find the succession require an administration to generate funds to pay the usufructuary debt. Our review of the record reflects that the only motions or exceptions scheduled to be heard before the trial court on March 22, 2021 were appellees' exceptions of no right of action and motion to annul and vacate order reopening the succession. The record further shows that the trial judge failed to consider the usufructuary debt, as reflected in the reasons for judgment that "[t]he main piece of property at issue in the instant motions is the house that comprised the bulk of their marital community." Therefore, because trial court did not enter a judgment regarding the necessity of administration to pay the decedent's usufructuary debts, there is nothing for this Court to review at this time.

In this case, the merits of the Petition to Annul the Judgment of Possession was not before the trial court and the record reflects no ruling on a nullity of the 2017 judgment of possession. The appellants' Petition to Reopen Succession and Annul Judgment of Possession requested there be judgment in favor of appellants and against appellees "annulling, rescinding and setting aside the Judgment of Possession rendered herein on November 6, 2017 and that the debts of the deceased including, but not limited to the usufructuary debts of the deceased and of this estate be paid." The trial court's order of November 10, 2020, granted only the Motion to Reopen the Succession which resulted in the appellees' exception of no right of action. The hearing on March 22, 2021 was on the no right of action exception. The trial court's judgment reflects that the matters before the Court were the Exception of No Right of Action and the Motion to Annul and Vacate Order Reopening Succession.

While the trial court's reasons for judgment reflect that one of the trial judge's considerations for his decision to not reopen the succession was because he found there was not controversy over the 2017 Judgment of Possession, he did not make a ruling on a Petition to Annul the Judgment of Possession. Additionally, the trial court's reasons for judgment are not appealable. *Aderholt v. Metro Sec., Inc.*, 14-880 (La. App. 5 Cir. 3/25/15), 169 So.3d 635, 640 (citing La. C.C.P. art. 1918). Therefore, we find no merit to this assignment of error.

**CONCLUSION**

We reverse the trial court's decision granting the exception of no right of action of appellees, Angel and Jose Rivera. We also reverse the granting of the Motion to Annul and Vacate Order Reopening the Succession of appellee, Jose Rivera, thus we reverse the dismissal of appellants, Carmen Lopez and Marie Christine Louie's Petition to Reopen the Succession and Annul Judgment of

Possession. Accordingly the November 10, 2020 order reopening the Succession

of Teresa Salazar Rivera remains in effect.[14]

**<u>REVERSED</u>**

---

[14] We decline to grant the request of appellant, Louie, to be appointed as executor of the Succession, leaving that decision to the trial court. As "the court's jurisdiction over the executors, having been terminated, cannot be reestablished by an order recalling them to reassume the office from which they have been discharged. The most the court can do in a case when 'proper cause' does exist is to [r]eappoint the discharged executors, if they are willing to accept the new appointment and qualify again, or, in case of their unwillingness to do so, to 'appoint another succession representative.'"*Molero v. Bass*, 190 So.2d 141, 147 (La. App. 4 Cir. 1966).

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**FEBRUARY 23, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

CURTIS B. PURSELL
CLERK OF COURT

## 21-CA-312

### E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE DONALD A. ROWAN, JR. (DISTRICT JUDGE)
ANTHONY J. MILAZZO, JR. (APPELLEE)       ALBERT J. NICAUD (APPELLEE)       JEFFREY M. SIEMSSEN (APPELLEE)
ERIC J. DERBES (APPELLANT)

### MAILED

BRET D. GUEPET, JR. (APPELLEE)       BRYAN J. O'NEILL (APPELLANT)       CHARLES V. GIORDANO (APPELLEE)
ATTORNEY AT LAW                       ATTORNEY AT LAW                     ATTORNEY AT LAW
3000 18TH STREET                      3027 RIDGELAKE DRIVE                3501 NORTH CAUSEWAY BOULEVARD
METAIRIE, LA 70002                    METAIRIE, LA 70002                  SUITE 400
                                                                          METAIRIE, LA 70002