551 So.2d 853 (1989)
SUCCESSION OF Blanche Leger MANUEL.
No. 88-728.
Court of Appeal of Louisiana, Third Circuit.
November 8, 1989.
Writ Denied January 19, 1990.
R. Gaynor Soileau, Ville Platte, for defendant-appellee.
Before DOMENGEAUX, GUIDRY and YELVERTON, JJ.
GUIDRY, Judge.
Blanche Leger Manuel died testate on October 5, 1986. She was survived at her death by her husband, Delta Manuel, and four children born of their marriage: John Clyde, Jeanette, Abeline and Howard Dean. In her olographic testament dated May 14, 1985, she bequeathed unto her husband the life usufruct without bond of all property entering her estate. Subject to that usufruct, the testatrix made the following and only other bequest:
"I give and bequeath to David Mark Manuel, Gregory Guy Manuel and Monica Manuel, share and share alike, that portion of my estate which would be legally inherited by my son, Howard Dean Manuel."
Subsequent to the probate of her will, her surviving husband, Delta Manuel, and all of her children except Howard Manuel, as well as the children of Howard Manuel, petitioned the court to be sent into possession of the decedent's estate. Pursuant to that petition, on February 10, 1987, the district court granted judgment recognizing Delta Manuel as the surviving husband of the decedent and placed him in possession of an undivided one-half of all community property and as life usufructuary without bond of the entire estate of Blanche L. Manuel. Subject to the above, the court recognized John Clyde Manuel, Jeanette Manuel, Abeline Manuel, David Mark Manuel, Gregory Guy Manuel and Monica Manuel, in stated proportions, as owners of all property entering the estate of the decedent.[1]
In December of 1987, two creditors of Howard Manuel, Acadiana Travel Service, Inc. (hereafter Acadiana), and Douglas A. *854 Billeaudeaux (hereafter Billeaudeaux), filed petitions in the Succession of Blanche Leger Manuel seeking to reopen the succession of the decedent in order that they, as creditors of Howard Manuel, be authorized to accept the decedent's succession which their debtor refused to accept or which he may have renounced.[2] In their petition, Acadiana and Billeaudeaux named Delta Manuel, the surviving husband, the decedent's children including Howard Manuel, and the children of Howard Manuel as defendants. The defendants filed exceptions of no cause and/or no right of action to the petitions of Acadian and Billeaudeaux principally urging that La. C.C. art. 1504 grants the exclusive right to reduce excessive donations mortis causa to forced heirs and specifically withholds such right from creditors. The trial court sustained the exceptions of no right of action and ordered plaintiffs' demands dismissed with prejudice and at their costs.[3] In sustaining the exceptions filed by defendants, the trial court relied on La. C.C. arts. 1504, 2036, 2044 and the holding in Succession of Henican, 248 So2d 385 (La.App. 4th Cir.1971), writ denied, 259 La. 756, 252 So.2d 454 (La.1971). Acadiana and Billeaudeaux appealed.
Appellants assert that the trial court erred in sustaining defendants' exceptions of no right of action on the basis of the cited authority arguing that La. C.C. art. 1071 clearly authorizes them, as creditors of Howard Manuel, to petition the district court for authority to accept the succession of Blanche Leger Manuel, which their debtor, Howard Manuel, has refused to accept or may have renounced to their prejudice. We agree and reverse.
La. C.C. art. 1071 provides in pertinent part as follows:
"When the creditors wish to be authorized to accept a succession, which their debtor refuses to accept, or which he has renounced to their prejudice, they must present a petition to the judge of the place where the succession is opened, to obtain the authorization necessary for that purpose, after the debtor or his representative has been duly cited, or a counsel appointed for him, if he is absent, by the judge."
In her last will and testament, Blanche Leger Manuel bequeathed to her surviving husband a life usufruct, without bond, over all of the property entering her estate. Subject to the aforementioned usufruct in favor of her husband, she made the following and only disposition:
"I give and bequeath to David Mark Manuel, Gregory Guy Manuel and Monica Manuel, share and share alike, that portion of my estate which would legally be inherited by my son, Howard Dean Manuel."
When the recitals of the will and the general rules for the interpretation of legacies (see La.C.C. arts. 1712 et seq.) are considered, it is immediately obvious that the testatrix did not dispose of her entire estate by valid testamentary disposition. Rather, she disposed of only that portion of her estate "... which would be legally inherited by ... Howard Dean Manuel" in favor of his children, i.e., the decedent's grandchildren, Mark, Gregory and Monica Manuel. We need not decide at this time the extent of the disposition made to the grandchildren. However, since the decedent made no valid testamentary disposition of the residuum of her estate, subject to the life usufruct bequeathed to her surviving husband, the undisposed of portion devolves by operation of law in favor of descendants, John Clyde, Jeanette, Abeline and Howard Dean. La.C.C. art. 880 et seq.[4] Accordingly, as a descendant of *855 Blanche Leger Manuel, Howard Manuel succeeds to the property of his ascendant, Blanche Leger Manuel, undisposed of by valid testamentary disposition, in equal portions and by heads with his siblings. La. C.C. art. 888.
We note that the testamentary disposition by Blanche Leger Manuel in favor of the children of Howard Manuel can not be viewed as a disinherison of Howard Manuel because under La. C.C. art. 1619, the disinherison must be made by name and expressly and for one of the just causes specifically enumerated in La. C.C. art. 1621.
Succession of Henican, supra, is factually distinguishable. In Henican, the decedent disposed of her entire estate by last will and testament. Thus, the question presented in that case was whether or not a creditor of a forced heir could exercise the right of the forced heir to reduce legacies which infringed on the legitime of the debtor-heir. The Henican court, citing La. C.C. art. 1504, concluded that the creditor had no such right. The trial court clearly erred in concluding that Succession of Henican, supra, was dispositive of the issue presented in the instant case.
Accordingly, Acadiana and Billeaudeaux, the creditors of Howard Manuel, have a right of action, pursuant to the provisions of La. C.C. art. 1071, to obtain the necessary authorization to accept the Succession of Blanche Leger Manuel on behalf of Howard Manuel and the trial court erred in concluding otherwise. Although in their petition for possession, plaintiffs allege that Howard Manuel renounced any title and interest that he has in the Succession of Blanche Leger Manuel, the record is devoid of any renunciation. However, even if Howard Manuel did in fact renounce his mother's succession, the creditors have a right to disregard that renunciation and accept the succession on his behalf.
For the above and foregoing reasons, the judgment of the trial court is reversed and set aside and the exceptions of no right of action filed by defendants are overruled. This matter is remanded to the trial court for further proceedings consistent with the views expressed. The Succession of Blanche Leger Manuel is cast with all costs of this appeal.
REVERSED AND REMANDED.
NOTES
[1] The percentage interests assigned in the judgment of possession to the testamentary and legal heirs of the decedent are erroneous, however, that fact is not germane to the issue presented on appeal.
[2] By supplemental and amending petitions, the creditors allege that the succession proceedings are null and void due to the absence of a verification by the heirs as required by law. Subsequent to this amended petition, all of the heirs except Howard Manuel filed the necessary affidavits of verification.
[3] The parties concede that the exceptions of no cause of action and no right of action are separate and distinct and that the exceptions should be treated as exceptions of no right of action, i.e., questioning the right of Acadiana and Billeaudeaux to maintain this action.
[4] Comment (b) of La. C.C. art. 880 states:

"(b) The heirs succeed even when there is a valid testament to any portion of the property not disposed of by the testament, due to caducity of a legacy or simple omission, for example.