561 So.2d 956 (1990)
SUCCESSION OF Clare Fogarty NEUHAUSER.
No. 89-CA-1720.
Court of Appeal of Louisiana, Fourth Circuit.
May 15, 1990.
Alan B. Tusa and Brian D. Zeringer, New Orleans, for plaintiff-appellee, David A. Neuhauser, Jr., as former executor and on behalf of the heirs and the Succession of Clare Fogarty Neuhauser.
Montgomery, Barnett, Brown, Read, Hammond & Mintz, Andrew M. Edwards, II, and Ryan & Willeford, John H. Ryan, and Gordon P. Serou, Jr., New Orleans, for appellant and for FDIC, as managing agent for FSLIC Resolution Fund, as receiver for Alliance Federal Sav. and Loan Ass'n.
Before KLEES, WARD and BECKER, JJ.
*957 KLEES, Judge.
Plaintiff appeals from the district court's dismissal of its petition to reopen the succession of Clare Fogarty Neuhauser. After reviewing the record, we find that the trial judge did not abuse his discretion in refusing to reopen the succession, and therefore affirm.
Clare Fogarty Neuhauser died on February 10, 1986. In her will, which was admitted to probate on February 24, 1986, she left her estate in equal portions to her three children, one of whom is Janet Neuhauser Zeringer. On September 27, 1987, Mrs. Zeringer renounced her interest in the succession, as a result of which her one-third share was divided equally among her brother David Neuhauser and the seven children of her sister Catherine Neuhauser Bell, who had predeceased her mother. These heirs took possession on October 6, 1987, when the judgment of possession was signed.
Plaintiff/appellant herein is the FDIC (Federal Deposit Insurance Corporation) as managing agent for the FSLIC (Federal Savings & Loan Insurance Corporation) Resolution Fund, as receiver for Alliance Federal Savings & Loan Association. On October 4, 1988, almost a year after the judgment of possession, the receiver petitioned the district court to reopen the succession in order to permit the receiver to exercise its right as a creditor of Mrs. Zeringer to accept her renounced share of the succession under Civil Code articles 1071 and 1072. Receiver's claim stems from a 2.38 million dollar promissory note of Cypress Retirement Foundation, Inc. in favor of Alliance Federal Savings & Loan Association, which note was executed by Mrs. Zeringer and her spouse on January 18, 1984, along with a continuing guaranty of Cypress' obligations to Alliance. When Cypress defaulted on the note, Alliance filed suit against the Zeringers in state court on November 7, 1984. The FSLIC became receiver for Alliance on August 23, 1985. The receiver dismissed the state court suit without prejudice on April 30, 1987, and then filed on May 5, 1987 a suit in federal court against the Zeringers seeking three million dollars, the alleged limit of the continuing guaranty. The Zeringers answered that suit alleging numerous defenses and asserting a counterclaim in the amount of eight million dollars against the receiver.
The federal suit was still pending on October 6, 1987, when the judgment of possession was signed in the succession of Mrs. Zeringer's mother. On March 16, 1988, the FSLIC filed a motion for summary judgment in the federal court suit claiming that as a federal agency, it was immune from the defenses which the Zeringers could have asserted against Alliance. This motion was granted on May 9, 1988, and judgment was entered against the Zeringers.
The central issue on appeal is whether the receiver, who was not a judgment creditor of Mrs. Zeringer at the time her mother's succession was closed but who did have a pending claim against Mrs. Zeringer, was entitled, either by statute or by virtue of the Due Process Clause, to receive actual notice of the succession proceedings. If the receiver was entitled to receive such notice, then the district court abused its discretion by refusing to reopen the succession.
Plaintiff has cited no provision in either the law or the jurisprudence of this state requiring the executor of a succession to give notice to the creditors of a renouncing heir. Rather, plaintiff relies primarily on the Due Process Clause of the federal constitution and three U.S. Supreme Court decisions holding that persons whose property rights may be adversely affected by state action are entitled to actual notice of proceedings which may affect those rights if their interest, identity and address are ascertainable by diligence appropriate under the circumstances of the case. Tulsa Professional Collection Services, Inc. v. Pope, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988); Mennonite Board of Missions v. Adams, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983); Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950).
None of the three cases cited is factually similar to the instant case. Mullane v. *958 Central Hanover Bank & Trust Co. involved actual notice to known trust beneficiaries of judicial proceedings brought by a bank to settle its trust fund accounts. Mennonite Board of Missions v. Adams involved notifying a mortgagee of a tax sale of the property encumbered by the mortgage. The most recent case, Tulsa Professional Collection Services, Inc. v. Pope, involved giving notice of probate proceedings to a creditor of the estate (specifically, a hospital which had rendered services during the decedent's last illness). Thus, none of the Supreme Court decisions addressed the issue at hand; nor did any of the lower court decisions cited by plaintiff involve the issue of notice of succession proceedings to the creditors of a renouncing heir.
To satisfy due process requirements, Mullane, Mennonite and Tulsa propose a balancing test whereby the interest of the state must be weighed against the individual interest sought to be protected by the Fourteenth Amendment. Tulsa, supra, 108 S.Ct. 1340, 1344. The focus is on the reasonableness of the balance, and whether actual notice is reasonable depends on the circumstances of each case. Id. at 1344. In Tulsa, the primary issue was whether state action existed in the running of Oklahoma's two-month non-claim statute for probate proceedings. Resolving that issue in favor of state action, the Court discussed the interests that must be balanced, noting that the state has a legitimate interest in the expeditious resolution of probate proceedings. Id. at 1347. Ultimately, however, the Tulsa Court did not determine whether the estate creditor's rights had been violated by the court's failure to give him actual notice of the probate proceedings; rather, it remanded the case because the record did not indicate whether the creditor's identity was known or reasonably ascertainable to the executrix of the estate. Id. at 1348.
In the instant case, the trial judge resolved the balancing test in favor of the executor. We find no error in his conclusion. As the trial judge noted, the succession remained open for a period of over eighteen months, during the whole of which time plaintiff had a pending action against Mrs. Zeringer for the amount of the debt, first in state court and later in federal court. Plaintiff gave no reason why it could not have inquired about Mrs. Zeringer's assets, including the potential interest in her mother's succession, by means of ordinary discovery procedures in either of those lawsuits. In fact, such an inquiry would have been prudent and expected. Alternatively, it does not seem unduly burdensome to require a creditor with a pending claim against a party to check the public records for successions or other judicial proceedings that might affect that party's ability to pay the debt. Certainly, this requirement on a creditor is less onerous than requiring the executor of an estate to find out the existence, identities and addresses and give actual notice to all creditors of each renouncing heir, which requirement would most certainly prolong the succession proceedings.
Moreover, the trial judge had to consider an additional factor, not present in Tulsa, in balancing the equities herethat is, the rights of the other heirs who had enjoyed peaceable possession of their inherited property for more than two years. Article 3393 of the Louisiana Code of Civil Procedure provides that after a succession has been closed, upon motion of any interested person, the trial judge may order that the succession be reopened because additional property has been discovered or for any other proper cause. As we have held previously, the determination of what constitutes proper cause to reopen a succession is within the discretion of the trial court, and may be overturned only for an abuse of that discretion. Succession of Yancovich, 289 So.2d 855 (La.App. 4th Cir.1974). Under the circumstances of this case, we do not find that the trial judge abused his discretion by refusing to reopen the succession of Mrs. Zeringer's mother.
Accordingly, for the reasons given, we affirm the judgment of the trial court.
AFFIRMED.